Webb *et al. v.* Alton Marine & Fire Ins. Co.

JAMES WEBB *et al.*, appellants, *v.* THE ALTON MARINE &
FIRE INSURANCE COMPANY, appellees.

*Appeal from Madison.*

Where a cause was set for hearing on the pleadings and proof without objection,
it was *held* that the filing of the replication was waived, and that the want of
it was not a sufficient cause for reversing the decree.

A party will not be permitted to remain silent while the cause is progressing,
and then raise objections at the hearing, or in the appellate Court, but the
objections must be urged in the first instance.

It is a stern rule of Equity, that it will not decree the specific execution of a
contract unless it is based on some fair and valuable consideration.

BILL IN CHANCERY filed in the Madison Circuit Court, &c.
At the March term, 1848, the Hon. Gustavus P. Koerner
presiding, the cause was submitted to the Court upon the
pleadings and proof without argument, when a special de-
cree was entered in favor of the Company, who were the
complainants below.

The material part of the testimony is sufficiently stated by
the Court.

*W. Martin*, for the appellants.

I.   The answers denying the material averments in the
bill, no decree could be rendered for complainants, unless
such allegations were proved by two witnesses, or by one
witness, and corroborated by strong circumstances.   *Smith
v. Shane*, 1 McLean, 27; 1 Gilm. 187.

II.   But this cause stands upon bill and answer, which
answer denies all the equity in the bill, and which answer
the complainants admit to be true, and requires no proof.
*De Wolf v. Long*, 2 Gilm. 679; Rev. Stat. 96, § 32; 4
Scam. 56.

III.   The *contract* on which the equity of the bill is pred-
icated, is a voluntary contract, given without any consider-
ation, and on which a specific performance cannot be
decreed by the Court.   2 Story's Eq. Jur. (top paging,)
102, 103; 1 Johns. Ch. R. 336, 337; 4 do. 501; 6 do. 223;
2 Harr. & Gill, 100; 1 Cowen, 733; 1 Vesey, 54; 6 do. 662;
1 Vesey, Sen. 279; 3 Brown's Ch. R. 13, note (1.)

IV.   To authorize a specific performance of an agreement,

there must be a mutuality in the contract, and it must also be fair and reasonable. 3 Cowen, 445; 1 Johns. Ch. R. 282.

V. The case made by the bill is not sustained by the proof, and hence no decree could be made for complainants. 1 Peters' C. C. R. 380; 10 Peters, 208, 209; 2 do. 612; 4 Peters' Cond. R. 146, 147; 5 Wend. 638.

VI. The testimony of Calvin Riley, given in the cause, should be excluded by the Court in deciding the cause, on account of his interest in the suit.

VII. The assignee of the agreement on which the suit is founded, takes it subject to all the equity which existed between the original parties. 2 Johns. Cases, 438; *Murray* v. *Governeur,* 2 Harrington, 467; 7 Paige, 306.

*L. Davis & N. G. Edwards,* for the appellees.

Specific performance of a contract rests entirely in the discretion of the Court, under all the circumstances, and will be decreed if fair and reasonable. *Seymour* v. *De Lancey,* 6 Johns. Ch. R. 225.

When a contract is reduced to writing, the writing affords the only evidence of the terms and conditions of the contract, and the appellant cannot set up that the contract was different from what the writing imports. *Lane* v. *Sharp,* 3 Scam. 573.

Godfrey was a purchaser with notice of the equity of the appellees. It was not necessary that the contract should be recorded, if Godfrey had actual notice. Whatever is sufficient to put a purchaser upon an inquiry, is good notice. 2 Sugden on Vendors, 335; *Green* v. *Slayter,* 4 Johns. Ch. R. 46; *Robinson* v. *Rowan,* 2 Scam. 501.

Riley was not a necessary party to the suit, nor was he interested, as he had transferred all his interest in the contract to the appellees.

The case shows a sufficient consideration under all the circumstances, to warrant the decree which was made by the Court below.

The Opinion of the Court was delivered by

TREAT, C. J. This case was not set down for hearing on

the bill and answers, but it appears to have been submitted and decided on the pleadings and proofs without objection; and under such circumstances, on the authority of the case of *Jameson* v. *Conway*, decided at this term, the mere want of a replication is not a sufficient cause for reversing the decree. The parties waived the filing of the replication by treating the cause as at issue.

The testimony of the witness, Riley, must be considered in this Court. 'If he was disqualified on the score of interest, the objection should have been taken in the Court below by a direct application to exclude the deposition. If sustained by the Court, the complainant might have rendered the witness competent by a release, and then proceeded to retake his deposition; or it might have established the same facts by other testimony. A party is not permitted to remain silent while the cause is progressing, and then raise such objections at the hearing, or in the appellate Court. Such a practice would occasion much delay and inconvenience and often operate as a fatal surprise to the adverse party.

Regarding, then, the cause as at issue, and the testimony as competent, the question arises, is the complainant entitled to the relief sought by the bill. The agreement purports to be founded on a pecuniary consideration passing from Riley to Webb. It however conclusively appears that no money or other thing was ever paid to Webb, or contracted to be paid. To sustain the covenant, therefore, on the part of Webb to convey a moiety of the land to Riley, some other consideration than that stated in the agreement must appear; otherwise, the agreement must be regarded as voluntary, and cannot be enforced. It is a stern rule of Equity, that it will not decree the specific execution of a contract, unless it is based on some fair and valuable consideration. It is insisted that a controversy existed between the parties concerning the title to the land, and that the agreement was made for the purpose of settling and defining their respective rights. If such was the case, and there is any mutuality in the agreement, it ought to be enforced. To be binding, however, in Equity, it must have been made

under such circumstances as will effectually conclude Riley from ever asserting title to the other moiety of the land; and as the complainant is now seeking to enforce the covenant, such as will conclude it from claiming title to the same moiety. The bill states that Webb executed the agreement to settle all controversy respecting the title of the land. The answer denies that it was made on the adjustment of any such controversy, but alleges that it was purely voluntary, and without consideration. The testimony of Riley, the only witness in the case, fails to convince us that there was any such consideration passing from him to Webb, as will authorize a Court of Equity to carry the agreement into effect. There was no mutuality in the contract, as shown on the face of the agreement, or appearing in the circumstances attending the transaction. No release or covenant was required or given by Riley. No controversy was existing between the parties, which was so adjusted as to secure to Webb one moiety of the land, and to Riley the other moiety. If they contemplated such a result, it is but reasonable to conclude that their intentions would be evidenced by some instrument of writing. Riley did not claim the land from Webb as a legal right, but only on the score of sympathy and friendship; and the claim was in part conceded, as he states, unconditionally, and as a peace offering.

Reverse the position of the parties, and suppose that the defendants were now seeking to quiet their title to the other moiety of the land, could it be successfully contended that Riley, by accepting the agreement, and the complainant, by receiving an assignment of it, would be estopped from denying that title. We do not hesitate to say that upon such a loose and inconclusive case, as is here presented, the bill would be dismissed. And this is really the true test by which to determine whether there was any mutuality in the contract. In the opinion of the Court, the agreement is void for the want of mutuality, and the parties must stand by their legal rights.

The decree of the Circuit Court is reversed with costs, and the bill is dismissed.

*Decree reversed.*