CAROLINE C. VAN NAMEE AND DANIEL A. VAN NAMEE *v.* HANNAH
MARIA GROOT AND OTHERS.

[IN CHANCERY.]

*Mortgage.    Contingency.    Practice.    Motion to Suppress.*

The premises of M., the wife of H., were mortgaged to secure the payment of $500, upon the happening of the following contingency, viz: A sale of said premises by

Van Namee et al. *v.* Groot et al.

M. for a sum exceeding $6,000. M. and H. subsequently conveyed said premises to A. without consideration, and A. reconveyed the same to H., and H. and M. sold and conveyed the same to T. for $6,500. *Held,* that such contingency had happened.

A motion to suppress testimony, which in substance is material, for the reason that it was given in answer to leading questions, or for similar causes, must be disposed of by some order in reference thereto before the Chancellor while the case is pending in the court of Chancery, else a party cannot avail himself of such motion in the Supreme Court.

BILL IN CHANCERY. The bill set forth that on the 2d day of October, 1862, Harvey Groot and Hannah Maria Groot, his wife, executed and delivered to Caroline C. Van Namee, a mortgage of certain lands in Burlington conditioned for the performance of the obligation of a certain bond, the condition of which is as follows:

The condition of this obligation is such, that whereas the said Caroline C. and Daniel A. Van Namee, her husband, have this day sold and conveyed to the said Hannah Maria, certain lands and premises in said Burlington, for the price of seven thousand dollars; and whereas it was agreed as part of the terms of said sale, that five hundred dollars of said price are not to be paid to the said Caroline C. Van Namee, or any other person, by the said Hannah Maria, during the lifetime of said Hannah Maria, provided she shall, during such lifetime, continue to own said premises; and also that said five hundred dollars of such price are not to be paid to the said Caroline C., or any other person, by the said Hannah Maria, in case of a sale of·said premises by the said Hannah Maria, unless the same shall sell in the aggregate for a price exceeding six thousand dollars; in which case the said Hannah Maria and Harvey have promised and agreed to and with the said Caroline C., that they will pay to the said Caroline C.~within three months after the said Hannah shall have sold the whole or part of said premises for a sum exceeding six thousand·dollars; or shall have conveyed said premises to any other person without a pecuniary consideration; or within three months after the said Hannah Maria shall have deceased, if she shall not have sold said premises previous to such decease, the sum of five hundred dollars without interest.

And whereas it was also agreed as a part of the terms of said sale of said premises this day made, that if at any time the said Hannah

Maria *shall desire and propose to sell*, give, or convey said premises for a sum not exceeding six thousand dollars, the said Caroline C. and Daniel A., or their heirs, shall be notified by the said Hannah Maria of such desire and proposal, and shall have the refusal of said premises at such price, not exceeding six thousand dollars, as the said Hannah Maria shall propose to sell the same at, and shall have the first right to purchase the same therefor ; and that in case they shall desire to purchase the same therefor, the said Hannah Maria and Harvey, will, upon the payment to the said Hannah Maria of such price not exceeding six thousand dollars by the said Caroline C. or Daniel A., or their heirs, convey the said premises to the person, making such payment, by a warranty deed which shall convey a good title thereto.

Now, therefore, if the said Hannah Maria and Harvey shall well and truly perform the aforesaid agreement, then this instrument is to be null and void, but otherwise to be and remain in full force and virtue.

That on the 26th day of February, 1864, the said Hannah Maria and Harvey made a conveyance of said premises to Almon Miller, for the alleged consideration of four thousand five hundred dollars, but in fact for no pecuniary consideration whatever ; and that on the same day the said Miller did make a conveyance of said premises to the said Harvey, for the alleged consideration of four thousand five hundred dollars, but in fact for no consideration whatever, that no consideration was paid by the said Miller to the said Hannah Maria and Harvey, or either of them, nor by the said Harvey to the said Miller, for said two conveyances last above mentioned, but that the sole purpose of the same was to transfer the record title of said premises from the said Hannah Maria to her husband, the said Harvey, and to defeat thereby the claim of the said Caroline C. to the said sum of five hundred dollars mentioned in said bond ; that neither the said Hannah Maria nor any one in her behalf ever gave to the said Caroline C. or Daniel A., or either of them, any notice of any desire or proposal on the part of the said Hannah Maria to sell, give or convey said premises for the said sum of four thousand five hundred dollars, or any less sum.

That on the 6th day of May, 1864, the said Harvey and Hannah Maria sold and conveyed said premises to Sarah L. Thayer, wife of Samuel W. Thayer, for a sum exceeding six thousand dollars, viz : for the sum of six thousand five hundred dollars ; and that by virtue of said sale and conveyance, the said Sarah L. and Samuel W. Thayer, did thereupon take and now hold possession of said premises, and claim to own the same. And the complainants prayed for a decree of foreclosure.

The defendants, H. M. and H. Groot, admit in their answer the execution and delivery of said mortgage ; and allege that on the 5th day of December, A. D. 1865, they having had a *bona fide* offer of six thousand dollars for said premises, the said Hannah Maria desired and proposed and purposed to sell said premises for said sum to the party so offering the same. And that thereupon, on the said 5th day of December, A. D. 1862, at said Burlington, in pursuance of the conditions and stipulations in said bond contained, they notified said Caroline C. and Daniel A. of such desire, purpose and proposal by giving them written notice thereof ; but that neither the said Daniel A. or Caroline C. did or would pay or propose or offer to pay said defendants, Harvey and Hannah Maria, or either of them, for said premises, or to become the purchasers thereof in any manner whatever.

That the orators having so neglected and refused to purchase said premises of these defendants for the price of six thousand dollars, or any other sum, *the said Hannah Maria*, on the 26th day of February, A. D. 1864, in good faith sold, and *these defendants* conveyed by their deed of warranty of that date, said premises to one Almon Miller for the price of six thousand dollars, although the consideration expressed in said deed from these defendants to said Miller was only four thousand five hundred dollars ; and that on the same 26th day of February, A. D. 1864, the said Almon Miller, for the consideration of six thousand dollars, sold and conveyed said premises in good faith to the said Harvey Groot ; denying that said conveyances from said Hannah Maria and Harvey to said Miller, and from said Miller to said Harvey, or either of them, were for no pecuniary consideration whatever, and that no consideration therefor was paid, or that the

purpose of said conveyances, or either of them, was to transfer the record title of said premises from said Hannah Maria to her husband, the said Harvey, and to defeat thereby, the claim of the said Caroline to the said sum of five hundred dollars mentioned in said bond, but admitting said conveyance to said Sarah L. Thayer.

The answer was traversed, and testimony was taken in support of the bill and answer. The solicitor for the defendant, on the 23d day of October, 1867, filed a motion to suppress certain testimony taken on the part of the orators, because it was given in answer to questions grossly leading. At the Chittenden county court, September Term, 1857, PIERPOINT, Chancellor, it was decreed, *pro forma*, (without hearing,) that the orator's bill be dismissed with costs,—from this decree the orators appealed.

*Hard & Shaw* and *E. J. Phelps*, for the orators.

*Jeremiah French*, for the defendants.

The opinion of the court was delivered by

PROUT, J. The orators seek by their bill, and upon the answers and proofs, a decree of foreclosure of a mortgage dated the 2d day of October, A. D. 1862, and executed by the defendants, Mr. and Mrs. Groot, to Mrs. Caroline C. Van Namee, the wife of Daniel A. Van Namee. This mortgage was given to secure the performance and fulfillment of the obligations of a certain bond of the same date, executed and delivered by Mr. and Mrs. Groot, for the payment of five hundred dollars, " upon a certain contingency, and for other purposes, according to the tenor thereof," as expressed in the condition of the mortgage.

The orators claim that the contingency, to wit, a sale by Mr. and Mrs. Groot of the premises described in the mortgage, for a sum exceeding six thousand dollars, provided for in the bond, has transpired or happened, which entitles them, according to its terms, to payment of that part of the unpaid consideration for which the mortgaged premises were sold Mrs. Groot ; and that they are entitled to a decree of foreclosure in respect to that amount.

The defendants insist that the orators are not entitled to such decree, because, by another contingency provided for by the bond, that in case Mrs. Groot might desire to sell the premises referred to for a sum not exceeding six thousand dollars, she should notify the orators of her desire and proposal to do so ; that she did desire and propose to sell the property for that sum and notified the orators thereof as stipulated in the bond, but that they neglected to take the property as they might, whereupon she, in connection with her husband, sold and conveyed it to Mr. Almon Miller for that sum.

This statement of the respective claims of the parties, and which they make in the cause, brings us to a consideration of the question : What effect upon the evidence is to be given the conveyance from the defendants, Mr. and Mrs. Groot, to Miller, and from Miller to the defendant, Mr. Groot?

We encounter in the outset the conceded fact, that here is a claim for five hundred dollars, being a part of the consideration for which the property, to which it related, was sold and conveyed Mrs. Groot, which has not been paid. Under such circumstances a party to discharge himself from the debt in a court of equity, should satisfactorily show that he is entitled to thus discharge himself from the demand. And where an equitable, if not a legal right to payment of the mortgage debt exists, the facts and circumstances upon which such discharge is claimed, as well as the motives of the parties in respect to it, as disclosed by the evidence, are to be kept in view and considered, that due effect may be given the proof relating to the question. Our examination of the case in this view, constrains us to believe and find that the conveyances of February 26th, 1864, from Mr. and Mrs. Groot, and from Miller to the defendant, Harvey Groot, were not made in pursuance of a real and *bona fide* sale of the property described in the orators' mortgage, nor was there such a sale to Miller of the mortgaged premises, as is contemplated by the condition of the bond referred to ; but it was a mere scheme resorted to for the purpose of discharging the property from the demand and mortgage set up in the orators' bill, without payment. Those conveyances, independent of the mortgage, secured the use and enjoyment of the premises to the parties entitled under the deed from the orators to Mrs. Groot, and

they occupied them until they were conveyed to Mrs. Thayer. And we believe and find upon the proofs that at the time Mr. and Mrs. Groot gave the notice to the orators they did, that she did not *bona fide* desire and propose to sell the premises for a sum not exceeding six thousand dollars, and that, consequently, the contingency had not happened that entitled her and her husband to give the orators notice of such desire, as the proof shows, they did give. The orators claim, therefore, remains an unaffected, subsisting lien, in connection with the mortgage, upon the premises therein described.

The defendants admitting that the defendant, Mr. Groot, sold and conveyed the mortgaged premises for the sum of six thousand five hundred dollars, the contingency provided for in the bond, with respect to a sale of the property for a sum exceeding six thousand dollars, has happened, and the orators are entitled to a decree pursuant to the prayer of their bill.

The *motion to suppress*, being for leading questions put by the orators' counsel to their own witness, relates to a portion of the evidence of Mr. Miller, which in substance is material to the issue involved. In practice, where the motion is for causes of the character set forth, it is the duty of the party who would avail himself of it in this court, to move it before the Chancellor, and while the cause is pending in the court of Chancery; that the party in whose behalf the evidence affected by the motion, may, in the event it is suppressed, on leave of the Chancellor, retake or supply it,—at least, that he may have the opportunity of applying to him for that purpose. The defendants in this case, not having called their motion to the attention of the Chancellor, and he not having made any order with respect to it, cannot avail themselves of it in this court.

The decree of the Chancellor is reversed, and cause remanded to the court of Chancery, with directions to pass a decree of foreclosure in favor of the orators.