THE WELDON HOTEL CO. *v.* HENRY E. SEYMOUR, EXR. OF LAURA SEYMOUR, ELIZABETH SEYMOUR AND HER HUSBAND, CHAS. S. SEYMOUR.

[IN CHANCERY.]

*Motion to suppress Testimony. Gift. Interpleader. Practice.*

1. A motion to suppress testimony in chancery must be passed upon by the chancellor, or it will not be heard in the Supreme Court.
2. The parties agreed that the stenographer's minutes of the testimony of witnesses given on a trial in which one of the defendants was plaintiff, and the orator defendant, might be used as evidence, each party reserving the right to object to the same for immateriality, irrelevancy, or other matter of substance. *Held,* that it could not be claimed on trial that the witnesses were *incompetent;* or, that the parties, or issues were different than on the former trial. The stipulation was a waiver.
3. The endorsement and delivery of the note completed the gift.

BILL of interpleader, to have determined to which of the defendants the orator should pay a certain note claimed by the defendant, H. E. Seymour, executor, and by said Elizabeth, as donee. Heard, September Term, 1881. Ross, Chancellor, decreed:

This is a bill of interpleader, and a decree that the defendants, Henry E. Seymour executor, and Elizabeth Seymour interplead, having previously been entered, the cause came on for hearing between said defendants, on the bill, answers, replication, testimony, stipulations and motion to suppress testimony, by the defendant, H. E. Seymour, Exr. It is considered that by the stipulation, the transcript of the reporter's minutes of the testimony of Martin A. Seymour, Elizabeth Seymour and Chas. St. John Seymour is made evidence in this case; that the subsequent depositions of Chas. St. John Seymour are inadmissible because of his marital relation to Elizabeth, and are suppressed; and the motion in other respects is overruled. It is further ordered and decreed that the note in controversy is the property of said defendant, Elizabeth Seymour, and the orators are ordered to pay the money due thereon into the court for her; and that the further prosecution of the suit at law in favor of H. E. Seymour, Exr., be perpetually enjoined; that the orators and Elizabeth Seymour recover their costs of H. E. Seymour, Exr.

The case is stated in the opinion.

*E. R. Hard* and *A. G. Safford,* for Henry E. Seymour, Exr.

The stenographer's transcript of testimony of Martin A. Seymour should have been excluded. 1 Phill. Ev. 338.    So that of Elizabeth Seymour.    She is as well a party with regard to the substantial issues made by the evidence as the formal issues made by the pleadings.    The determination of this suit will affect the estate of the deceased party.    38 Vt. 83 ; 39 Vt. 590 ; 41 Vt. 314 ; 42 Vt. 403 ; 44 Vt. 91 ; 48 Vt. 78 ; 51 Vt. 589.

*Daniel Roberts* and *H. S. Royce,* for Elizabeth Seymour.

The reservation of " the right to object to the same or any portion thereof for immateriality, irrelevancy or other matter of substance," does not touch the *competency* of the witness. *Noscitur a sociis—*" other matter of substance," means other *like* matter of substance. *Motley* v. *Head,* 43 Vt. 633.

The motion to suppress the testimony of Martin A. Seymour is " because the testimony was originally given in a cause between different parties." If this objection, the stipulation notwithstanding, is to be considered, there is nothing in it. The parties were substanially the same and the issue the same. Henry E. Seymour had opportunity to cross-examine and did cross-examine. This is the test of admissibility, rather than strict identity of cause and parties. 1 Greenl. Ev. s. 163, 164 ; 1 Cow. & Hill's note to Ph. Ev., note 438 (p. 573) ; *Phil. R. R.* v. *Howard,* 12 How. 307 ; *Indianapolis R. R.* v. *Stout,* 53 Ind. 143 ; 8 U. S. Dig. N. S. 323.

The opinion of the court was delivered by

TAFT, J.   Various questions are made in this case, as to the admissibility of evidence. ˙ The motion of Elizabeth Seymour to suppress the testimony of certain witnesses is not insisted upon by her solicitors in argument, and as the question was not passed upon by the chancellor, it cannot be heard in this court. *Van Namee* v. *Groot,* 40 Vt. 74. The parties filed in the Court of Chancery, a stipulation that the stenographer's minutes of the testimony of witnesses given upon a trial in the County Court in a case in favor of Seymour, Exr. v. the orators might be used as evi-

dence, each party reserving the right to object to the same, or any portion thereof, for immateriality, irrelevancy or other matter of substance. Objection is now made to the testimony of Martin A. Seymour, one of said witnesses, he having deceased since the trial, upon the ground that it should appear that the testimony offered was given in an action between the same parties, and involving the same issues as the present case; and to that of Elizabeth Seymour, because she is rendered incompetent by statute. We think the stipulation of the parties was a waiver of the objections, and the questions as to the incompetency of the testimony of Martin as given upon the former trial, and the incompetency of Elizabeth under the statute, cannot now be raised. In *Motley* v. *Head*, 43 Vt. 633, it was held that where a deposition was admitted " subject to objection for substance," that after the testimony was closed, the competency of the witness could not be objected to. We see no reason why a different rule should be adopted in the present case. The admission of the testimony of Elizabeth and Charles S. Seymour, taken at St. Albans, is not insisted upon ; and the remaining questions as to the evidence would not affect the finding of the court upon the question of fact involved, and therefore are not decided.

The question of fact is, as to the validity of a gift from Laura Seymour, the testate of the defendant, Henry E. Seymour, to the defendant, Elizabeth. Laura died in 1870, and for some weeks prior to her death was in feeble health, being in her eighty-first year. She held a promissory note signed by the orators, and a few days before her death gave it to Elizabeth, endorsing it in blank. After her death, Henry, the executor of the will of Laura, claimed the note upon the ground that the gift to Elizabeth was invalid, and the orators have brought a bill of interpleader, to compel the defendants to settle the controversy as to the ownership of the note. The court find that the gift was a valid one ; that it was completed by an endorsement and delivery of the note ; that the donor had sufficient mental capacity at the time to make such a gift ; and that the note is therefore the property of Elizabeth.

The decree of the Court of Chancery is affirmed, and cause remanded.