### Williams *v.* Thomas.

#### Filed January 15, 1886.

APPEAL—OBJECTIONS NOT RAISED BELOW.
Comp. Laws N. M. 1884, § 2197, providing that "in equity causes no exception shall be required," extends to exceptions only, and does not affect the rule of chancery practice that if seasonable objections are not made before the examiner, or in the court below, they will not be considered on appeal.

Error to district court, Colfax county.
*E. A. Fiske*, for plaintiff in error.
*Frank Springer*, for defendant in error.
BRINKER, J. This was a contest in the district court, under chapter 3, tit. 12, of the Compiled Laws of 1884, for the office of justice of the peace of precinct No. 6 in Colfax county. The record shows the notice of contest, the answer of contestee, the replication of contestant, the appointment of an examiner to take the proofs, and his re-

port, the trial, and judgment for contestee, Thomas. To review this judgment the contestant sued out this writ of error. There was a mass of testimony taken by contestant to show that a number of the persons who voted for the contestee were not legally qualified voters; but, with the exception of one McMichaels, who testified that he voted for contestee before he (McMichaels) was of age, there was nothing that the court could consider. It was the merest hearsay, consisting of statements to the witnesses made by the alleged illegal voters as to their qualifications, or rather lack of qualifications, as voters. During the taking of the proofs the contestant asked for, and the examiner allowed, an adjournment to enable the contestant to procure other witnesses, and the contestee announced, presumably in the presence of contestant, that he, the contestee, did not desire to offer any testimony until that of contestant was all in. Afterwards, on the night of the day of the adjournment, and in the absence of contestant and his solicitor, the examiner permitted the contestee to take part of his testimony, and to complete it the next day. The record shows the absence of contestant and counsel on this night, but is silent as to their presence during the taking of the testimony on the day following. The action of the examiner in the particular stated was in plain violation of equity rule No. 70. The contestant, being absent during the taking of the testimony for contestee, could not make objections before the examiner, but he could have moved the court on the trial to strike that testimony out, or disregard it. This he failed to do; but makes the objection to its competency, and the manner in which it was taken, for the first time in this court, and cites us to section 2197, Comp. Laws 1884, to sustain his position. That section is as follows:

"Exception to the decision of the court upon any matter of law arising during the progress of the cause  *  *  *  must be taken at the time of such decision. In equity causes no exception shall be required."

This, although a statutory proceeding, is, by the terms of the statute, to be considered as partaking of the nature of a suit in chancery, (sections 1239, 1240, 1242,) and of course should be conducted in accordance with the rules governing such causes, except in such particulars as the statutes may have otherwise provided. The universal rule in chancery practice is that if no objections are made to the evidence before the master or examiner, nor to the court below during the progress of the cause, the party complaining cannot raise objections in the appellate court, (*Webb* v. *Insurance Co.*, 10 Ill. 223; *Moshier* v. *Knox College*, 32 Ill. 155;) but such objections are deemed waived. *Williamson* v. *Johnson*, 5 N. J. Eq. 621. When a party, present at a return of a commissioner's report, might object to it, but does not, he will be considered as having waived his objections. *Patrick* v. *McClure*, 1 Bibb, 52. A motion to suppress testimony must be made before the chancellor. *Van Namee* v. *Groot*, 40 Vt. 74. To the same effect are the cases of *Gunn* v. *Brantley*, 21 Ala. 644; *Adkins* v. *Holmes,*

2 Ind. 203; *Evans* v. *Hettich*, 7 Wheat. 453; *Brown* v. *Tarkington,* 3 Wall. 377; *York* v. *Railroad Co.*, Id. 113.

Now, does section 2197, *supra*, change this rule? This court has never passed upon this section, and we must construe it by an analysis of its own provisions. If a doubt arise as to the proper construction to be given to a particular clause of a statute, resort must be had to the entire section or statute upon the subject of which the clause in question forms a part. Sedg. 237. Looking to the portion of the section of the statute which precedes the clause under consideration, we find that it requires the party complaining to take his exceptions to the action of the court on all matters occurring during the trial at the time of the decision. This statute announces no new rule in actions at law. It is well settled that a party desiring to review in an appellate court the action of a court of law must call the attention of the trial court, by seasonable objections, to the proceeding complained of, and, upon an adverse decision, except to the action of the court at the time. All the steps necessary to this result, save the exception, existed in chancery proceedings as well as at law. The statute does not abrogate this practice in chancery, which has always obtained, but rather perpetuates it in the section above quoted. This being true, the plaintiff in error should have asked the district court to strike out the objectionable testimony; but, having failed to do so, he must be held to have waived all objections to it.

The record shows that there was one ballot cast for "Tomas," which was counted for contestee. This was wrong; it should have been rejected. *People* v. *Stevens*, 5 Hill, 616. There were two ballots cast for "Williams, Justice of the Peace." These the judges refused to count, and properly. *People* v. *Stevens, supra*. There were four ballots cast for contestant which were rejected by the court on the trial, under the testimony which we have shown to have been considered without objection. For the reasons above given we cannot review this action of the court.

As the rejection of the Tomas ballot, and the one cast by McMichaels, counted below for contestee, will not change the result, and finding no error in the record of which we can take notice, the judgment should be affirmed; and it is so ordered.

LONG, C. J., and HENDERSON, J., concur.