# SHAPPIRIO *v.* GOLDBERG.

APPEAL FROM THE COURT OF APPEALS OF THE DISTRICT OF COLUMBIA.

No. 87.  Argued December 9, 1903.—Decided January 18, 1904.

To ascertain its jurisdiction this court looks not to a single feature of the case but to the entire controversy.

Where the prayer for relief is either for conveyance of land worth less than $5000 or for a rescission of a contract of sale and repayment of the purchase money of over $5000, the necessary amount is involved to give this court jurisdiction of an appeal from the Court of Appeals of the District of Columbia.

Where the issues are mainly those of fact, in the absence of clear showing of error, the findings of the two lower courts will be accepted as correct.

Where a party desires to rescind on the ground of misrepresentation or fraud, he must upon the discovery of the fraud announce his purpose and adhere to it. If he continues to treat the property as his own the right of rescission is gone and he will be held bound by the contract.

THIS was an action begun in the Supreme Court of the District of Columbia by Mary Shappirio and Jacob Shappirio, her husband, against Minnie D. Goldberg and George Goldberg, her husband, having for its object equitable relief because of alleged fraud of the respondents in the sale of certain property in Washington, District of Columbia, to the complainant, Mary Shappirio.

It appears that the sale was made through one Richold, a broker in real estate. George Goldberg was the owner of the property, and by memorandum made on May 11, 1900, authorized Richold to sell the property known as lots Nos. 1245 and 1247, being part of lot 28, square 977, fronting 34 feet on 11th street S. E., by eighty feet deep to an alley. Richold sold the property to Jacob Shappirio, for whom he was seeking an investment, for the price of $6000. The terms were cash, $100 having been paid down at the making of the sale. This

property, having two buildings upon it, and being part of lot 28, is described as follows:

"Beginning for the same at the southeast corner of said lot and running thence north on Eleventh street thirty-four (34) feet; thence west eighty (80) feet eight (8) inches to an alley; thence south on said alley fourteen (14) feet; thence east eighteen (18) feet; thence south twenty (20) feet, and thence east sixty-two (62) feet eight (8) inches to the place of beginning."

In the rear of the premises there was a strip 20 by 30 feet, having upon it a shed or stable, which, before the sale, was in the possession of Goldberg under an arrangement for its use, and was used by him in connection with the premises. This piece was not fenced off at the time of sale and might well be taken to be a part of the premises by any person examining the same without accurate knowledge of the extent of the property actually owned by Goldberg. The annexed plat shows the part of lot 28 covered by the description in the deed and the part of lot 2 in dispute:

Although the purchase was made by Jacob Shappirio, the deed was made to Mary Shappirio, June 5, 1900. On September 28, 1900, a conveyance by the owner of the title to lot 2 was made of the part of that lot in the rear of the premises to Minnie D. Goldberg, wife of George Goldberg, for the consideration of $300. Mary Shappirio and Jacob Shappirio on

June 5, 1900, executed a deed of trust upon the property conveyed to her in the sum of $4500. In the trust deed the property was accurately described.

After the property had been conveyed to Mary Shappirio it was rented to Goldberg, the vendor, who continued to occupy the same for eleven months. Upon asking a reduction of the rent, which was refused, Goldberg left the premises. On May 18, 1901, the present bill was filed, in which it was charged that Goldberg, in order to induce the sale in question, falsely represented that the property in the rear of lot 28 belonged to him, and would be included in the property sold, and notwithstanding the appearance of the property and the representations of Goldberg, the part conveyed did not include the part of lot 2 in the rear of lot 28; that George Goldberg afterwards purchased the property, part of lot 2, and caused the same to be conveyed to Minnie D. Goldberg, his wife, as a part of a scheme to defraud the plaintiff. That the wife was a party to the fraud, and had no interest in the property except to hold it for her husband.

The bill prays that this parcel of ground, part of lot 2, be decreed to be held by Minnie D. Goldberg for the use of the plaintiff, Mary Shappirio, and be conveyed to her. If this relief cannot be granted, the prayer is that the sale be rescinded, and Goldberg be required to pay back the amount of the purchase money, with costs and charges, and upon default of payment the property be sold.

A general denial of the allegations of fraud and deceit is made in the answer, together with the averment that the plaintiffs relied upon their own investigation, and if they were deceived as to the extent of the property, it was the result of the want of due care upon their part.

In the Supreme Court the bill of the complainants was dismissed, which decree was affirmed in the Court of Appeals.

*Mr. Leo Simmons* for appellants:

The evidence shows that the appellees have made false

statements: First, about the building of the stable; second, about the occupancy of the yard and stable; third, about the fact of Goldberg having said to Shappirio that the small piece of land and stable did not belong to him; and fourth, about the corroborative evidence in relation to the animals not being about the premises, at the time of the negotiation of the sale; and fifth, about Mrs. Goldberg having paid for the small piece of land with her own funds, each and every one of which was absolutely false, some admitted so and others proven so beyond doubt.

The decree below should be reversed and the case remanded with directions to enter a decree for the enforcement of the contract as originally made. If not the contract should be rescinded as prayed in the alternative.

The following authorities, among others, support appellant's contention. For what constitutes fraud and misrepresentation, see *Crosby* v. *Buchanan*, 23 Wall. 454; *Stewart* v. *Cattle Ranch Co.,* 128 U. S. 383; *Tyler* v. *Savage*, 143 U. S. 77; *Smith* v. *Richards*, 13 Pet. 26; *Henderson* v. *Henshaw*, 54 Fed. Rep. 320; Kerr on Fraud and Mistake, 81, 101; Pomeroy's Eq. § 877, 880; *Good* v. *Riely*, 153 Massachusetts, 585.

On question as to what time action should be begun, see *Dickerson* v. *Patterson*, 160 U. S. 586; *Pence* v. *Langdon*, 99 U. S. 578; *Kilborn* v. *Sunderland*, 130 U. S. 505; Kerr on Fraud and Mistake, 305; *Nesbit* v. *McFarland*, 92 U. S. 77; *Tyler* v. *Savage*, 143 U. S. 77; *Gallinger* v. *Newell*, 9 Indiana, 572; *Morston* v. *Simpson*, 54 California, 190.

*Mr. Thomas M. Fields* for appellees, submitted:

The appeal should be dismissed. The actual amount is only $6000 for the value of the property less the deed of trust of $4500. There is a want of necessary parties. On the merits appellants have no case. 14 A. & E. Ency. (2d ed.) 148.

When proofs of equitable grounds for relief fail, the jurisdiction of a court of equity also fails. Consent of parties cannot give equity jurisdiction of a case properly triable at law.

*Palmer* v. *Fleming,* 1 App. D. C. 528; *Offutt* v. *King,* 1 MacAr. 312; *Oelrichs* v. *Spain,* 15 Wall. 211; *Ford* v. *Smith,* 1 MacAr. 592; *Hess* v. *Horton,* 2 App. D. C. 81; *Pechstein* v. *Smith,* 14 App. D. C. 27; *S. C.,* 27 Wash. L. R. 168; *Townsend* v. *Vanderwerker,* 20 D. C. 197. Damages can be recovered for false representations. *Main* v. *Aukam,* 12 App. D. C. 375; *Dushane* v. *Benedict,* 120 U. S. 630.

Complainants cannot attack an instrument as fraudulent and void, and at the same time claim rights under it if the court should be of the opinion that it is valid. *Lamon* v. *McKee,* 18 D. C. 446; *Clark* v. *Krause,* 2 Mackey, 559. Where a bill charges fraud in fact, and complainant fails in his proof, he cannot be aided, under the prayer for general relief, upon a different theory. *Bailor* v. *Daly,* 18 D. C. 175; *Droop* v. *Ridenour,* 11 App. D. C. 224; *Connolly* v. *Belt,* 5 Cr. C. C. 405; *Morrison* v. *Shuster,* 1 Mackey, 190; *Murray* v. *Hilton,* 8 App. D. C. 281; *Neale* v. *Neale,* 9 Wall. 1. Where the record discloses facts sufficient to put a purchaser on notice, he is not an innocent purchaser without notice. *Elridge* v. *Life Ins. Co.,* 3 MacAr. 301; *Beckett* v. *Tyler,* 3 MacAr. 319; *Security Co.* v. *Garrett,* 3 App. D. C. 69; *Waters* v. *Williamson,* 21 D. C. 24; *Anderson* v. *Reid,* 14 App. D. C. 54; *Main* v. *Aukam,* 12 App. D. C. 375; *Washington Market Co.* v. *Claggett,* 29 Wash. L. R. 807; *In re Wagner,* 110 Fed. Rep. 931.

Fraud will not be presumed as matter of law or fact except under circumstances which do not admit of any other interpretation. *Tucker* v. *Moreland,* 10 Pet. 58; *Clarke* v. *White,* 12 Pet. 178; *McDaniel* v. *Parish,* 4 App. D. C. 213; *Harrison* v. *Nixon,* 9 Pet. 483; *Crocket* v. *Lee,* 7 Wheat. 522; *Nash* v. *Towne,* 5 Wall. 689. Fraud consists in intention, and that intention must be averred in pleadings. *Moss* v. *Riddle,* 5 Cranch, 351; *Voorhees* v. *Barnesteel,* 16 Wall. 16; *Eyre* v. *Potter,* 15 How. 42; *Farrar* v. *Churchill,* 135 U. S. 609; *Schreyer* v. *Scott,* 134 U. S. 405; *Simonton* v. *Winter,* 5 Pet. 141; *Jones* v. *Simpson,* 116 U. S. 609. Fraud is a question of fact. *Warner* v. *Norton,* 20 How. 448; *McLaughlin* v. *Bk. of Potomac,* 7 How. 220; *Davis* v. *Schwartz,* 155 U. S. 631, 647.

Where a party desires to rescind a contract upon the ground of mistake or fraud he must, upon the discovery of the facts, at once announce his purpose and adhere to it. If he be silent and continue to treat the property as his own he will be held to have waived the objection and will be conclusively bound by the contract, as if the mistake or fraud had not occurred. *McLean* v. *Clapp*, 141 U. S. 429; *Hennessy* v. *Bacon*, 137 U. S. 78; *Atlantic Delaine Co.* v. *James*, 94 U. S. 207; *Kimball* v. *West*, 15 Wall. 377.

When in a court of equity it is proposed to set aside, annul, or correct a written instrument for fraud or mistake in the execution, the testimony on which this is done must be clear, unequivocal, and convincing, and not a mere preponderance of evidence which leaves the matter in doubt. *United States* v. *Maxwell Land Grant Co.*, 121 U. S. 325; *United States* v. *San Jacinto Tin Co.*, 125 U. S. 273; *United States* v. *Hancock*, 133 U. S. 193; *Simmons Creek Coal Co.* v. *Doran*, 142 U. S. 43; *Farnsworth* v. *Duffner*, 142 U. S. 43; *United States* v. *Des Moines, N. & R. Co.*, 142 U. S. 510; *Cissel* v. *Dutch*, 125 U. S. 171; *Chandler* v. *Pomeroy*, 143 U. S. 318; *Snell* v. *Ins. Co.*, 98 U. S. 85; *Howland* v. *Blake*, 97 U. S. 624; *Ins. Co.* v. *Nelson*, 103 U. S. 544; *Day* v. *Union India Rubber Co.*, 20 How. 216; *Noyes* v. *Coasting Co.*, 1 MacAr. & Mackey, 1; *McDaniel* v. *Parish*, 4 App. D. C. 213; *Clack* v. *Hadley*, 64 S. W. Rep. (Tenn.) 403; *Gough* v. *Williamson*, 50 Atl. Rep. (N. J.) 323; *Fulton* v. *Colwell*, 110 Fed. Rep. 54; *Harrington* v. *Ross*, 15 Wash. L. R. 220; *Smoot* v. *Coffin*, 4 Mackey, 407; *Moore* v. *Howe*, 87 N. W. Rep. (Iowa) 750; *Sherwood* v. *Johnson*, 62 N. E. Rep. (Ind.) 645; *Harper* v. *Baird*, 50 Atl. Rep. (Del.) 326.

False representations must be of an existing and ascertainable fact and not matter of opinion or advice and must be false and known to be false by the party making them at the time and on which the other party relied. *Cooper* v. *Schlesinger* 111 U. S. 148; *Slaughter* v. *Gerson*, 13 Wall. 379; *Farnsworth* v. *Duffner*, 142 U. S. 43; *Shields* v. *Hanbury*, 128 U. S. 584; Adams's Eq. * 177, * 178, and cases cited; *Finlayson* v. *Finlay-*

son, 17 Oregon, 347; *Southern Development Co.* v. *Silva*, 125 U. S. 247; *Gavinzel* v. *Crump*, 22 Wall. 308; *French* v. *Shoemaker*, 14 Wall. 314; *Security Co.* v. *Garrett*, 3 App. D. C. 69; *Clements* v. *Smith*, 9 Gill. 160; *Howard* v. *Carpenter*, 11 Maryland, 259; *Shields* v. *Barron*, 17 How. 130; *Grymes* v. *Sanders*, 93 U. S. 55; *Trammell* v. *Ashworth*, 39 S. E. Rep. (Va.) 593; *Sanders* v. *Lyon*, 2 MacAr. 452; *Begley* v. *Eversole*, 64 S. W. Rep. (Ky.) 513; *Brown* v. *Smith*, 109 Fed. Rep. 26; 53 Cent. L. J. 282, Oct. 1901.

The mere refusal of a party to perform a parol contract for the sale of lands is not such a fraud as will give a court of equity jurisdiction to interfere to enforce it. *Dunphy* v. *Ryan*, 116 U. S. 491; *Randall* v. *Howard*, 2 Black. 585; *Howland* v. *Blake*, 97 U. S. 624; *Purcell* v. *Coleman*, 4 Wall. 513; *Swan* v. *Seamens*, 9 Wall. 259; *Prevost* v. *Gratz*, 6 Wheat. 481; *Van Weel* v. *Winston*, 115 U. S. 228; *Wilson* v. *Wall*, 6 Wall. 83.

Courts will not assume to make a contract for the parties which they did not choose to make for themselves. *Morgan County* v. *Allen*, 103 U. S. 515. Nor will they incorporate into a sealed instrument any covenant not there and which cannot be legally implied from any other covenant therein, although the contract, as expressed, may seem much in favor of one party, and the omission of a covenant was clearly occasioned by mistake. *D. & H. Canal Co.* v. *Pennsylvania Coal Co.*, 8 Wall. 276; *Gavinzel* v. *Crump*, 22 Wall. 308; *Robbins* v. *Clarks*, 127 U. S. 622; *Philadelphia, W. & B. R. R. Co.* v. *Trimble*, 10 Wall. 367.

Both at law and in equity parol testimony is inadmissible to vary a written instrument. *Forsythe* v. *Kimball*, 91 U. S. 291; *Richardson* v. *Hardwick*, 106 U. S. 252; *Baltzer* v. *Raleigh R. R. Co.*, 115 U. S. 634; *Bailey* v. *Hannibal & St. J. R. R. Co.*, 17 Wall. 96; *Baker* v. *Nachtrieb*, 19 How. 126; *De Witt* v. *Berry*, 134 U. S. 309; *Seitz* v. *Brewers' Refrigerating Machine Co.*, 141 U. S. 510; *Culver* v. *Wilkinson*, 145 U. S. 205; *Johnson* v. *St. Louis, etc., R. R. Co.*, 141 U. S. 602; *Gilbert* v. *Moline Plow Co.*, 119 U. S. 491; *Van Winkle* v. *Crowell*, 146 U. S. 42; *Parish* v.

*United States,* 8 Wall. 489; *Emerson* v. *Slater,* 22 How. 28; *Oebucks* v. *Ford,* 23 How. 49; *Union Mutual Insurance Co.* v. *Mowry,* 96 U. S. 544; *Wadsworth* v. *Warren,* 12 Wall. 307; *Thompson* v. *Knickerbocker Life Ins. Co.,* 104 U. S. 252; *Sturm* v. *Boker,* 150 U. S. 312; *McCartney* v. *Fletcher,* 11 App. D. C. 1; *Seitz* v. *Seitz,* 11 App. D. C. 358; *Potomac* v. *Upper,* 109 U. S. 672; *Spofford* v. *Brown,* 1 MacAr. 223; *Linville* v. *Holden,* 2 MacAr. 329; *Burr* v. *Meyers,* 2 MacAr. 524; *Langdon* v. *Evans,* 3 Mackey, 1; *Snell* v. *Ins. Co.,* 98 U. S. 85; *Simmons* v. *Doran,* 142 U. S. 417; *Osborne* v. *Mortgage Co.,* 8 App. D. C. 481, and cases cited *supra.*

The remedy which the court affords on a void transaction is the replacement of the parties in *statu quo.* Adams's Eq. *191; *Moore* v. *Mass. Ben. Assn.,* 43 N. E. Rep. (Mass.) 298.

Consideration received must be returned or offered to be returned before deed will be set aside. *Cunningham* v. *Macon & B. R. R. Co.,* 156 U. S. 400, 425, citing *Collins* v. *Riggs,* 14 Wall. 492; Jones on Mortgages, § 1669; Pom. Equity, § 1220 *et seq.;* and see *Thompson* v. *Peck,* 115 Indiana, 512; *Frank* v. *Thomas,* 20 Oregon, 265; *Tarkington* v. *Purvis,* 128 Indiana, 182; Adams's Equity, *174, and cases cited; *Tiffany* v. *Boatman's Saving Institution,* 18 Wall. 375; *Farmers' Bank* v. *Graves,* 12 How. 51.

He who seeks equity must do equity, and cannot set aside the proceedings for collection of a debt without tendering the amount due. *McQuiddy* v. *Ware,* 20 Wall. 14.

Complainants' equities must preponderate and if equity does not preponderate in favor of the complainants they must fail. *Garnett* v. *Jenkins,* 8 Pet. 75; *Lalone* v. *United States,* 164 U. S 255; *Brant* v. *Virginia,* 93 U. S. 326; *Mutual* v. *Phinney,* 178 U. S. 343.

MR. JUSTICE DAY, after making the foregoing statement, delivered the opinion of the court.

The first question raised for our consideration involves the

jurisdiction of this court on appeal, it being claimed that the matter in dispute, exclusive of costs, does not exceed the sum of $5000. By the act of February 9, 1893, chapter 74, 27 Stat. 434, jurisdiction to review the final judgments of the Court of Appeals of the District of Columbia is given where the matter in dispute exceeds the sum of $5000, exclusive of costs. In determining this question we may look to the allegations and prayer of the bill to ascertain the relief sought and the real extent of the controversy between the parties. The bill contains a prayer for the conveyance of the small strip of ground, which was purchased for $300, and if that were the only subject-matter of the suit, the amount required to give this court the right of review would not be in controversy. But if this relief is denied, the complainants seek, in the alternative, to have the contract rescinded and the payment of the sum of $6000, the purchase money, with costs and interest, decreed against the respondents. Upon the pleadings we are of opinion that this sum is also in dispute between the parties, and therefore this court has jurisdiction. To ascertain the right of jurisdiction in such a case we look not to a single feature of the case, but to the entire controversy between the parties. *Stinson* v. *Dousman*, 20 How. 461.

In this case the issues are mainly those of fact, and in the absence of clear showing of error the findings of the two lower courts will be accepted as correct. *Stuart* v. *Hayden*, 169 U. S. 1; *Dravo* v. *Fabel*, 132 U. S. 487. An examination of the record in the light of these findings does not enable us to reach the conclusion that error has been committed to the prejudice of the appellants.

As to what was said by Goldberg at the time of the purchase of the property in conversation with Richold, the broker, and at the time the premises were visited by Shappirio with a view to purchase, there is much conflict of testimony. The use of the premises as a connected whole might well lead the purchaser to believe, in the absence of accurate knowledge, that it was all under the ownership of one person, and would be

included in the sale of the property to him; and, as said by the Court of Appeals, we believe that Shappirio may have been ignorant of the true condition of the title. But it was also found by that court that a correct description of the property was given in the deed and recorded chain of title. Richold, who made the sale, was entrusted by Shappirio with the examination of the deed and title, and thirty days were given to complete the purchase. For this purpose Richold was the agent of Shappirio, and it not appearing in the proof that he was misled by the representations of Goldberg, or that by any scheme or plan he was kept from a full examination of the title and the description of the property contained in the deed furnished, he must be held chargeable with knowledge which the opportunity before him afforded to investigate the extent and nature of the property conveyed and which he undertook to examine for the purchaser. It is true that Richold testifies that he was misled by the silence of Goldberg and by the situation and use of the property, and stoutly denies that he had the knowledge which a reading of the accurate description of the deed would give. But he undertook to investigate the matter and report upon the title. A casual reading of the description in the deed or examination of the recorded plat would have shown that the premises were not of a uniform depth of eighty feet, and had the L-shape extension in the rear of the lot, which excludes any part of lot 2 from the premises conveyed. For the purpose of this examination Richold was the agent of Shappirio, and his knowledge and means of information must be imputed to the purchaser. There are cases where misrepresentations are made which deceive the purchaser, in which it is no defence to say that had the plaintiff declined to believe the representations and investigated for himself he would not have been deceived. *Mead* v. *Bunn*, 32 N. Y. 275. But such cases are to be distinguished from the one under consideration. When the means of knowledge are open and at hand or furnished to the purchaser or his agent and no effort is made to prevent the party from using them, and especially where the

purchaser undertakes examination for himself, he will not be heard to say that he has been deceived to his injury by the misrepresentations of the vendor. *Slaughter's Admr.* v. *Gerson*, 13 Wall. 379; *Southern Development Co.* v. *Silva*, 125 U. S. 247; *Farrar* v. *Churchill*, 135 U. S. 609; *Farnsworth* v. *Duffner*, 142 U. S. 43.

If this action is viewed as one to rescind a contract, in the light of the testimony and the findings of the courts below, the appellants stand upon no better ground.

It is well settled by repeated decisions of this court that where a party desires to rescind upon the ground of misrepresentation or fraud, he must upon the discovery of the fraud announce his purpose and adhere to it. If he continues to treat the property as his own the right of rescission is gone, and the party will be held bound by the contract. *Grymes* v. *Sanders*, 93 U. S. 55; *McLean* v. *Clapp*, 141 U. S. 429. In other words, when a party discovers that he has been deceived in a transaction of this character he may resort to an action at law to recover damages, or he may have the transaction set aside in which he has been wronged by the rescission of the contract. If he choose the latter remedy, he must act promptly, "Announce his purpose and adhere to it," and not by acts of ownership continue to assert right and title over the property as though it belonged to him. In the present case, some months before the beginning of this action, probably in October, 1900, Shappirio learned that the conveyance did not include the premises, part of lot 2, in the rear of lot 28. It may be that the mere lapse of time in this case would not of itself have defeated the right to rescind, as a purchaser has a reasonable time in which to make election of such remedy after discovery of the fraud, *Neblett* v. *Macfarland*, 92 U. S. 101, 105, but he cannot after such discovery treat the property as his own and exercise acts of ownership over it which show an election to regard the same as still his and at the same time preserve his right to rescission. In the present case, after discovering that the part of lot 2 had not been conveyed by the

deed, Shappirio collected rents for some months upon the property, corresponded with Goldberg as to future terms of rental, declined to reduce the rent, made some repairs upon the property and performed other acts of ownership. This conduct is wholly inconsistent with an election to undo the transaction and stand upon his right to rescind the contract.

We find no error in the judgment of the Court of Appeals affirming the decree of the Supreme Court, and it is

*Affirmed.*