# FERNAND TRUBLARD, Plff.,

*v.*

# TRUJILLO Y MERCADO, Dfts.

---

Ponce, Law, No. 997.

### ON BREACH OF CONTRACT.

Contract—Facts Open to Observation.
    1. Where the means of knowledge of the facts of a contract are equally available, neither party can be heard to say that he is deceived. A party cannot complain if afterwards he finds that he had misjudged the facts.

Practice—Burden of Proof.
    2. If the plaintiff does not prove a material allegation in his complaint by a preponderance of the evidence, he cannot recover.

Contracts—Alteration.
    3. If the contract is altered by consent of parties, compensation for the alteration agreed on may be recovered.

Completion of Work—Acceptance.
    4. The completion of a contract is waived by acceptance. Where a reservoir is built and is used, the work will be considered as completed, and the full compensation due.

Attorneys' Fees—Contract.
    5. Under § 824 attorneys' fees cannot be recovered in the Federal court unless they are made an express part of the contract.

Opinion filed June 3, 1914.

---

*Mr. Willis Sweet* for plaintiff.

---

NOTE.—As to effect of using building by owner as an acceptance of work of construction or repair, see note in 16 L.R.A. (N.S.) 489.

Trublard v. Mercado.

*Messrs. Tord & Castro* for defendants.

HAMILTON, Judge, delivered the following opinion:

This suit is based upon an alleged breach of the contract entered into between the plaintiff and the defendants in the year 1910 for the excavation of a certain reservoir near Guayanilla or Yauco, Porto Rico. It would seem that the defendants are merchants, and also planters, and needed a reservoir to impound and from which to draw water during the dry season on the south side of the Island. They had a mechanical engineer named Ferrer stake off the place, showing the estimated depth of excavation, and the plaintiff, after examining the site and the stakes, entered into a contract in writing to build a reservoir 6 feet deep at all points, and estimated to be 9 feet high on one side.

During the progress of the work the plaintiff discovered that the filling on the side in question would exceed a height of 9 feet, and actually ran to 12 feet. As Trujillo, the managing man in this matter, was about to sail for Europe, he applied to the other partner. As to the conversation between them, there is a conflict in the evidence. Trublard says that Mercado told him to go ahead with the work, and that Trujillo on his return would fix matters with him. Mercado denies this, and says that he declined to take any steps at all in the matter. Apparently somewhat later all the agreed money, twenty-one hundred dollars ($2,100), had been paid to the plaintiff except $60, and the work was not finished. Mercado and the plaintiff looked over the ground together, and it was agreed that one hundred and eighty dollars ($180) more than the contract

price should be paid to the plaintiff in order to enable him to finish the work. Mercado testifies that this was the only variation in contract made, while Trublard claims that it was a variation in addition to the previous authorization to do the necessary extra work.

Plaintiff claims that the actual amount lost by him was one thousand and seventy dollars ($1,070) in excess of what had been originally contracted for, and it is for this amount that the suit is brought. To make up this amount he includes the increased cost of labor, loss of time to himself, and other matters.

The contract was dated June 4, 1910, and the work was nearly finished about October of the same year, when the rains filled the reservoir. It was impossible to do any more work and the reservoir has remained in use by the defendants ever since. Plaintiff interviewed defendant Trujillo after his return about a year later, but received no satisfaction. Suit was filed November 19, 1913, and tried without a jury on January 22, 1914.

1. There is no dispute that a contract was entered into to build a reservoir on certain specifications for the sum of twenty-one hundred dollars ($2,100). The site was open to inspection, was examined by both parties before the contract was entered into. Plaintiff seems to have taken the figures and stakes mentioned to him without any remeasurement on his part. The law is that where the means of knowledge are equally available, neither party can be heard to say that he was deceived. Slaughter v. Gerson, 13 Wall. 379, 20 L. ed. 627; Southern Development Co. v. Silva, 125 U. S. 247, 31 L. ed. 678, 8 Sup. Ct. Rep. 881, 15 Mor. Min. Rep. 435;

Trublard v. Mercado.

Farrar v. Churchill, 135 U. S. 609, 34 L. ed. 246, 10 Sup. Ct. Rep. 771; Shappiro v. Goldberg, 192 U. S. 232, 48 L. ed. 419, 24 Sup. Ct. Rep. 259. The case at bar, it is true, is not for deceit, and is not on sale and purchase; but the principles of all contracts in this respect are the same. If the complainant had made measurements before entering into the contract, he would have discovered the same thing which he actually did discover months later when he was nearly through with the work. It is true that the defendants have received the benefit of the plaintiff's mistake; but the defendants are not responssible for this. *Non constat* they would have made the contract with the plaintiff at all at a higher figure than the one actually agreed upon. It cannot be said, therefore, that the plaintiff ought to recover because he did more work than he agreed to do, or even more work than was contemplated by the original contract. He can recover more than agreed upon only if there was an actual amendment of the contract to cover the extra work. And this is alleged.

2. The plaintiff seems to have been timid about approaching the man with whom he had actually made the original contract, defendant Trujillo, and relies upon rather indefinite statements by the other partner, Mercado. The burden is on the plaintiff to prove his case, and more particularly where that case depends upon an express alteration of a written instrument. It may be questioned whether the plaintiff's own testimony comes up to the allegation in the complaint that "defendants told him to continue with said work and to complete the same, and that defendants would make right the extra work involved by paying therefor . . . they promised and agreed to pay for the same as the value thereof might appear." When, on the

Trublard v. Mercado.

other hand, there is considered the testimony of defendant Mercado that he made no such promise, the court is forced to come to the conclusion that the plaintiff has not proved this material allegation in his complaint.

3. It is, however, not disputed that there was an alteration in the contract in that defendant Mercado agreed to pay plaintiff $180 additional to finish the work, inasmuch as plaintiff was out of funds and the work would not otherwise be finished. Whatever the motives, this agreement is both admitted and proved, although it is not set up in the complaint separate from the allegation that plaintiff was authorized by defendants to finish the work and that they would pay whatever was the value. It would seem, therefore, that there was due the plaintiff by one or the other contract a balance of $60 on the original contract and $180 on the amended contract, that is, $240 of which plaintiff received $150. This would leave a balance due plaintiff of $90.

4. Defendants, however, decline to pay anything, on the ground that the plaintiff had not finished the work even under the amended contract. It is not clear how far the work was not finished, while it is clear that, whether contemplated or not, the reservoir was filled with water by the rains and has been in actual use by the defendants. The defendants say that under the contract it is "understood that under no circumstances, not even the forces of nature shall excuse the plaintiff." As to this, however, it is to be noted in the first place that this limitation in the contract is not on the plaintiff, but on the amount to be paid by the defendants, which is exactly what was changed by the subsequent agreement. It is not necessary to determine whether an agreement to perform a contract despite the act of God

Trublard v. Mercado.

will be enforced. In this case the defendants in effect accepted the reservoir and have been using it. If there was any lack of performance, they have waived it.

5. Under previous rulings of this court attorneys' fees cannot be allowed unless they are made an express part of the contract, which is not true in this case.

It follows, therefore, that judgment should be entered in favor of the plaintiff for the sum of $90 with interest from November 18, 1912, together with costs.

And it is so ordered.