(78 South. 431)

No. 22948.

STATE v. LIEBER.

In re STATE ex rel. ELLIS, Dist. Atty.

(April 1, 1918.)

*(Syllabus by the Court.)*

1. STATUTORY OFFENSES—INTOXICATING LIQUORS.

Section 1 of Act No. 23, Extra Sess. 1915, p. 51, denounces these offenses: "To deliver for shipment," "to receive for shipment," "to ship or carry" intoxicating liquors into dry territory, beyond the quantities and except in the manner stated in the act.

2. INTOXICATING LIQUORS ⬅️138—OFFENSES —"TO DELIVER FOR SHIPMENT" — "TO SHIP."

"To deliver for shipment" and "to ship" mean the same thing.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ship.]

3. CRIMINAL LAW ⬅️108(1)—VENUE—PLACE OF OFFENSE.

When intoxicating liquors are delivered for shipment or shipped, or when they are received for shipment to be carried into dry territory, the offense is committed in the place of the shipment.

4. CRIMINAL LAW ⬅️108(1)—VENUE—PLACE OF OFFENSE.

When intoxicating liquors are carried into dry territory, the offense is committed in the dry territory.

5. CRIMINAL LAW ⬅️108(1)—VENUE.

All trials shall take place in the parish in which the offense was committed, unless the venue is changed.

Information was filed against Ben Lieber, his exception to the court's jurisdiction was sustained, the bill of information was quashed, and accused was discharged, and the State, on relation of C. J. Ellis, District Attorney, applies for writs of certiorari and mandamus directed to John R. McIntosh, Judge Seventh Judicial District Court, Parish of Richland. Application for mandamus denied.

C. J. Ellis, Jr., Dist. Atty., of Rayville, for applicant.

SOMMERVILLE, J. In an information filed by the district attorney of Richland parish in the court of that parish, it was charged that Ben Lieber did deliver for shipment and did ship into Richland parish, "dry territory, to Charles Finley of Rayville, intoxicating liquors, from Ouachita parish, La., a wet territory."

Defendant excepted to the jurisdiction of the court "for the reason that the offense alleged in the information, if any such offense occurred, was committed in the parish of Ouachita, and can only be tried in that parish." The exception was sustained, the bill of information was quashed, and the accused was discharged. The district attorney has asked that a mandamus issue to the district judge, directing him to reverse his ruling and to overrule defendant's plea to the jurisdiction, as the offense charged was a misdemeanor, and the state has no right of appeal in the case.

The accused was prosecuted under the terms of Act No. 23, Extra Sess. 1915, p. 51. It is entitled an act "to regulate the shipment of intoxicating liquors into portions of this state where the sale of liquors is prohibited, either from within or without this state."

In his application for a mandamus, the district attorney states:

"That the particular crime charged was the shipment of two barrels or casks of beer from Monroe, Ouachita parish, La., a wet territory, to Rayville, Richland parish, La., a territory where the sale of intoxicating liquor is prohibited by ordinance, both in the same shipment and consigned to the same party, which constitutes the crime of shipping intoxicating liquors into dry territory in unlawful quantities as denounced by the act above referred to. * * *

"That upon the trial of the aforementioned plea [to the jurisdiction], the facts appearing as set forth in paragraph 2 of this petition, his honor, Jno. R. McIntosh, judge of the Seventh judicial district court in and for the parish of Richland, sustained the plea to the jurisdiction of his court on the ground that a shipment of intoxicating liquors in unlawful quantities from Ouachita parish, a wet territory, into Richland parish, La., a dry territory, constituted a crime punishable in said Ouachita parish, the point of shipment.

"That the above ruling of his honor, Jno. R. McIntosh, is manifestly wrong, in that the crime denounced by Act 23 of 1915 is that of shipment into dry territory, which did not take place until the beer actually crossed the boundary line between Ouachita and Richland parishes."

Section 1 of the act, under which section the accused appears to have been charged, is as follows:

"Be it enacted by the General Assembly of the state of Louisiana, that it shall be unlawful for any person, firm or corporation to deliver for shipment, or to receive for shipment, or to ship or carry to any portion of this state where the sale of intoxicating liquors is prohibited by law or ordinance, any such intoxicating liquors, except as provided for in this act."

[1-4] The act is state wide in its scope and effect; and section 1 thereof makes it unlawful for one "to deliver for shipment," or "to receive for shipment," or "to ship or carry (from any portion of this state or any other state) to any portion of this state," which is dry territory, intoxicating liquors, except to families and drug stores designated in sections 9 and 10 of the act. The act may be violated in a wet parish as well as in a dry parish.

The information charged that:

Defendant "in the parish of Richland, aforesaid, and within the jurisdiction of the Seventh judicial district in and for the parish of Richland, said state, did then and there willfully and unlawfully deliver for shipment and did ship into Richland parish, a subdivision of the state of Louisiana where the sale of intoxicating liquors is prohibited by law and ordinance, from Ouachita parish, La., a wet territory, certain spirituous and intoxicating liquors," etc.

The intoxicating liquors were delivered for shipment and were shipped by Ben Lieber, the consignor and defendant, in and "from Ouachita parish," "into Richland parish, a subdivision of the state of Louisiana where the sale of intoxicating liquors is prohibited by law and ordinance," to one Charley Finley, the consignee.

Under the terms of the act, the consignor, Ben Lieber, is amenable under the act if he

delivered, in Ouachita parish, intoxicating liquors in certain quantities to be shipped, and did ship them into Richland parish, which is dry territory.

The act also makes the person, firm, or corporation who might receive intoxicating liquors for such purpose liable to prosecution.

If Lieber "delivered for shipment," in Ouachita parish, and "did ship," intoxicating liquors from that parish into Richland parish, he delivered such liquors to a common carrier or other person in Ouachita parish. His violation of the law was completed at the moment he did so "deliver for shipment" and "did ship" the liquor in question into Richland parish. Such misdemeanor had its origin and completion in Ouachita parish.

Section 1 of the act makes it an offense:

First. To ship intoxicating liquors, or to deliver them for shipment, into dry territory.

Second. To receive intoxicating liquors for shipment into dry territory.

Third. To carry intoxicating liquors into dry territory, in which latter case there must be the transportation of the liquors into dry territory to make the offense complete.

The charge against Lieber is that he did "deliver for shipment and did ship." The information does not charge that he carried or transported the liquors from Ouachita into Richland. That, also, would have been an offense under the statute for which he might have been prosecuted in Richland parish, because that offense would have been committed in Richland parish.

The charge against defendant is that he did "deliver for shipment and did ship" intoxicating liquors from Ouachita parish into Richland parish. "To deliver for shipment" and "to ship" is the same thing. To ship is defined:

"To deliver to a common carrier, forwarder, express company, etc., for transportation, whether by land or water or both." Century.

143 LA.—6

[5] Having delivered intoxicating liquors to, and having shipped them by, a common carrier in Ouachita parish into Richland parish, Lieber violated the law in Ouachita parish, and he cannot be tried for the offense in Richland parish. All trials shall take place in the parish in which the offense was committed, unless the venue is changed. The exception to the jurisdiction of the Seventh judicial district court of Richland parish was properly sustained.

It is therefore ordered, adjudged, and decreed that the application of the district attorney for a mandamus to be issued herein is denied.