## GEORGE WILLS & SONS, Limited, v. LARZELERE et al.

(Circuit Court of Appeals, Ninth Circuit. April 16, 1923.)

No. 3898.

**Sales ⬡⟞81(1)—Contract construed as to date of shipment.**

A contract for sale of onions, made by a written offer by seller and acceptance by buyer, providing, "Shipment to be effected from Australia by steamer on the 10th of March," *held* to require departure of the steamer from Australia by March 10th, and not merely delivery to her by that date.

In Error to the District Court of the United States for the Second Division of the Northern District of California; William C. Van Fleet, Judge.

Action at law by George Wills & Sons, Limited, against William R. Larzelere and Joseph J. Sweeney, partners as the Larzelere-Sweeney Company. Judgment for defendants, and plaintiffs brings error. Affirmed.

Alfred J. Harwood, of San Francisco, Cal., for plaintiff in error.

Charles W. Slack and Edgar T. Zook, both of San Francisco, Cal., for defendants in error.

Before GILBERT and RUDKIN, Circuit Judges, and DIETRICH, District Judge.

DIETRICH, District Judge. In February, 1917, the parties hereto entered into the following contract:

"San Francisco, California, U. S. A., Feb. 19, 1917.

"Larzelere-Sweeney Co., San Francisco—Dear Sirs: We hereby confirm the sale to you, through Mr. M. J. O'Reilly, of 75 (seventy-five) tons of 2,240 lbs. grated brown Australian onions at the price of 4 (four) cents U. S. currency per pound, landed on the dock, duty paid, San Francisco. Shipment to be effected from Australia by steamer on the 10th of March, 1917. Quality of the onions delivered to the steamer in Australia to be guaranteed and a certificate for same will be provided. The onions to be paid for by you in cash on arrival in San Francisco. This contract is, of course, subject to the usual clause exempting us from claims of any nature, through nonfulfillment caused by conditions over which we have no control.

"Yours faithfully,      For George Wills & Sons, Ltd.,

"A. H. Anderson, Manager.

"Accepted: Larzelere–Sweeney Co."

The onions were delivered to the steamship at Melbourne, Australia, delivery being completed on March 7, 1917. It may be doubted whether there is any substantial evidence tending to show that they were actually loaded on board the vessel by March 10th, but this feature of the case we do not deem it necessary to discuss. Admittedly the vessel did not leave Melbourne until March 16th, and after

touching at Sidney, Australia, and Wellington, New Zealand, it proceeded to San Francisco by way of Vancouver, British Columbia, arriving on May 4th. Defendants having thereupon declined to accept delivery of the onions, the plaintiff sold them at a loss, and brought this action to recover the difference between the contract price and the amount it realized from the sale. It appearing from plaintiff's own showing that the shipment did not leave Australia until after March 10th, there was a judgment of nonsuit.

We concur with the court below in construing the contract as requiring the departure of the onions from Australia on March 10th. It may be conceded that, had the agreement been for "shipment March 10th," loading on board and possibly mere delivery to the steamship at the wharf would have been sufficient. But it will be noted that the phraseology is: "Shipment to be effected from Australia by steamer on the 10th of March." It is not shown that this language has a distinctive conventional meaning in commercial usage, and to the common understanding we think it would naturally import departure. Such was our first impression, and while by a process of technical analysis the other meaning may be worked out, at most we have a case of two reasonable constructions, and, the language being that of the plaintiff, under familiar rules it is to be construed favorably to the defendants. This view requires an affirmance of the judgment, and it is therefore unnecessary to consider other questions.

Affirmed.