## MACK INTERNATIONAL MOTOR TRUCK CORPORATION v. JEFFERSON TRUST & SAVINGS BANK.

Circuit Court of Appeals, Fifth Circuit.
April 3, 1928.

No. 5179.

1. Chattel mortgages ⊘⟶241—Transaction whereby mortgagee accepted later mortgage pursuant to fraudulent misrepresentation that there was no other mortgage on property held voidable (Rev. Civ. Code La. art. 1819).

Where mortgagee holding mortgage for unpaid part of purchase price of motorbusses entered into new agreement for sale of additional busses, taking mortgage for unpaid part of purchase price of original busses together with unpaid purchase price of additional busses sold, pursuant to fraudulent misrepresentation by buyer that there was no other mortgage or incumbrance on first busses sold, such transaction was voidable under Rev. Civ. Code La. art. 1819, at instance of mortgagee, though existence of other mortgage could have been ascertained by examining public records.

2. Chattel mortgages ⊘⟶241—Junior mortgagee cannot complain of annulling transaction whereby holder of prior mortgage accepted later mortgage in reliance on mortgagor's fraudulent representation.

Mortgagee acquiring mortgage on motor busses subject to mortgage to seller for unpaid part of purchase price cannot complain of annulling transaction whereby seller accepted a later mortgage for unpaid part of purchase price of original busses in addition to that remaining unpaid on busses later sold, pursuant to misrepresentation of buyer that there were no other mortgages or incumbrances thereon; such transaction giving rise to no estoppel in favor of subsequent mortgagee, not changing its position to its detriment.

In Error to and Appeal from the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Suit by the Mack International Motor Truck Corporation against the Jefferson St. Charles Transfer Company, wherein the Jefferson Trust & Savings Bank intervened.

Decree for intervener, and plaintiff brings error and appeals. Reversed.

Arthur A. Moreno, of New Orleans, La. (Lemle, Moreno & Lemle, of New Orleans, La., on the brief), for plaintiff in error and appellant.

A. T. Higgins, of New Orleans, La., and John E. Fleury, of Gretna, La., for defendant in error and appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. In the months of December, 1924, and January, 1925, the appellant received and had recorded two mortgages to itself from the Jefferson St. Charles Transfer Company, herein called the transfer company, each covering a described motorbus which had been sold by appellant to the transfer company, and securing notes of the transfer company for the unpaid part of the purchase price of the mortgaged bus. In March, 1925, the transfer company executed to one Boggs a mortgage covering said two busses to secure notes described in that mortgage, which was recorded on the date of its execution. The notes secured by that mortgage were purchased by appellee before their maturity. In April, 1925, in a negotiation between appellant and the transfer company for the purchase by the latter of additional busses, appellant agreed to sell the additional busses desired, provided the additional busses and also the two above-mentioned busses be mortgaged to secure the unpaid purchase price of the new busses, and, in response to an inquiry by appellant's representative as to whether there was any mortgage or other incumbrance on the two above-mentioned busses in favor of any one other than appellant, the transfer company's representative, its president, stated that there was no mortgage or incumbrance on those busses in favor of any one else. Thereupon, in reliance on that representation, the additional busses desired were sold by appellant to the transfer company, the transfer company, without surrendering possession of the two above-mentioned busses, executed instruments purporting to transfer them to appellant, the appellant executed an instrument purporting to retransfer the two busses to the transfer company, and the transfer company executed a mortgage to appellant covering those two busses and the additional busses to secure notes for the then unpaid part of the purchase price of the two busses and the unpaid purchase price of the additional busses. In June, 1925, appellant brought suit for the

foreclosure of the last-mentioned mortgage; default in the payment of the secured debts having occurred. After the two above-mentioned busses had been sold under process issued in that suit, the appellee filed an intervening petition therein, praying that the transfer company's mortgage acquired by appellee be recognized and maintained as superior to any mortgage or claim of the appellant, and that the proceeds of the sale of the two above-mentioned busses be applied on the mortgage held by appellee. Prior to the filing of that intervening petition, appellant had no knowledge or information of the existence of the mortgage held by appellee. When knowledge of the existence of that mortgage was acquired by appellant, it still held the notes secured by the mortgages on the two above-mentioned busses, and those notes and the records of the mortgages given to secure them have not been canceled, with the result that the above-mentioned transaction in April, 1925, has remained uncompleted. By the decree appealed from, the claim of appellee asserted in its intervening petition was sustained.

[1, 2] So far as the transaction between appellant and the transfer company in April, 1925, was intended to affect the mortgages to appellant on the two above-mentioned busses or the debts secured by those mortgages, that transaction was voidable at the instance of the appellant because of the above-mentioned fraudulent misrepresentation made by the transfer company's president to induce appellant to enter into that transaction. The fact that the existence of the mortgage held by appellee could have been ascertained by examining the public records did not deprive appellant of the right to rely on the statement of the transfer company's president to the effect that there was no such mortgage. Shappirio v. Goldberg, 192 U. S. 232, 241, 24 S. Ct. 259, 48 L. Ed. 419; Mead v. Bunn, 32 N. Y. 275; United States v. Detroit Lumber Co., 200 U. S. 321, 333, 26 S. Ct. 282, 50 L. Ed. 499; Wilson v. Higbee (C. C.) 62 F. 723; Revised Civil Code of Louisiana, art. 1819. The mortgage held by appellee having been acquired by it subject to the mortgages to appellant of the two busses, appellee was not entitled to complain of the annulling of the transaction between appellant and the transfer company in April, 1925, so far as that transaction was intended to affect appellant's liens on the two busses, as the appellee had no right to require the fraud committed by the transfer company to be given the effect of converting appellee's subordinate mortgage into one having prior-ity over the appellant's mortgages on the two busses. Duson v. Pacific Improvement Co. (C. C. A.) 18 F.(2d) 5. A result of avoiding the transaction in April, 1925, so far as it was intended to affect appellee's mortgages on the two busses, was that those mortgages remained superior to the subsequently executed and recorded mortgage held by appellee. By no contract or transaction binding on the appellant has it consented to its first lien on the two busses being subordinated to a lien or claim in favor of any one else. The transaction in April, 1925, gave rise to no estoppel in favor of the appellee, as the appellee did not, in reliance on that transaction, change its position to its detriment. The attempt of the appellee to have that transaction, to which it was not a party, and which in no way harmed it, given the effect of converting its subordinate mortgage on the two busses into one having priority over the previously executed and recorded mortgages to appellant, hardly is consistent with appellee's position as a suitor for relief in a court of equity. We conclude that the appellee was not entitled to the relief it sought, and that the court erred in granting that relief.

The decree is reversed.