**MACONDRAY & CO. v. W. R. GRACE & CO.**

Circuit Court of Appeals, Ninth Circuit.
January 30, 1929.

No. 5542.

Louis T. Hengstler and Frederick W. Dorr, both of San Francisco, Cal., for appellant.

George Herrington and Orrick, Palmer & Dahlquist, all of San Francisco, Cal., for appellee.

Before GILBERT and DIETRICH, Circuit Judges, and LOUDERBACK, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). ▮ The appellant contends that its cause of action as pleaded is one for money had and received, that its assignor paid the money to the appellee in consideration of the latter's promise to make an April shipment of goods from New York, and that the appellee did not make a legally valid April shipment from New York and thereby the contract was put an end to, and that, even if the cause of action is not strictly one for money had and received, it is a case where the purchaser was induced by the seller to pay money under a mistake of facts by handing on April 20, 1920, to the purchaser's agent an invoice advising it that the money was being demanded as the purchase price of goods shipped at New York per steamship Oanfa, for Kobe, which was not true, and handing to the agent an insurance certificate advising it that the money was being demanded as the purchase price of goods which were shipped on board said vessel from New York to Kobe, which also was not true. The contention ignores certain essential features of the contract. Under a c. i. f. contract, as this was, it was not necessary that the appellee place the goods on board a ship bound from New York to Kobe. As to its obligation to make shipment the contract was performed on the appellee's part when it delivered to the appellant's assignor the bill of lading providing for the shipment of the goods to their destination, the insurance contract in customary form, and the invoice, and when the papers were accepted by the appellant's assignor. ▮▮ Under a c. i. f. contract the obligation of the seller is to deliver documents rather than goods, to transfer symbols rather than physical property. Manbre Saccharine Co. v. Corn Products Co. (1919) 1 K. B. 198,

203; Karberg v. Blythe (1915) 2 K. B. 379, 388; Harper v. Hochstim (C. C. A.) 278 F. 102. In Scrutton on Charter Parties and Bills of Lading (11th Ed.) p. 192, it is said: "This form of the sale of goods is one to be performed by the delivery of documents representing the goods, i. e., of documents giving the right to have the goods delivered, or the possible right, if they are lost or damaged, of recovering their value from the shipowner or from the underwriters. The seller performs his contract by tendering the documents, and breaks it by failing to tender them." In A. Klipstein & Co. v. Dilsizian (C. C. A.) 273 F. 473, 475, the court said: "The c. i. f. contract is an expression which indicates that the price fixed covers the cost of the goods and insurance and freight on them to the place of destination. Under such a contract, the seller must ship the goods, arrange the contract of affreightment to the place of destination, pay its cost and allow it from the purchase price, and procure insurance for the buyer's benefit for the safe arrival of the goods and pay therefor. When the seller has done this, and forwarded the papers to the buyer, he has fulfilled his contract, and delivery is complete. There is no obligation by the seller to deliver the goods at the place of destination." There can be no question, we think, but that the appellee shipped the goods. The accepted meaning of the term is that goods are shipped when they are delivered to a carrier for transportation on a regular line of transportation between the point of shipment and the destination. 23 R. C. L. 1372; Stallman v. Francis A. Cundill & Co. (D. C.) 288 F. 643; Jacob Glass Inc. v. Banka Marmorosch, 122 Misc. Rep. 637, 204 N. Y. S. 636; Childs & Bro. v. Hirsch & Co. (Sup.) 202 N. Y. S. 226; Horner v. Daily, 77 Ind. App. 378, 133 N. E. 585; State v. Lieber, 143 La. 158, 78 So. 431.

In the case at bar it was stipulated that the form of bill of lading which was delivered by the appellee was that which was generally issued by ocean transportation companies in the United States and accepted by banks and merchants in full compliance with c. i. f. contracts, and was the form known as a "received for transportation" bill of lading, that is, the bill of lading stated that the goods therein described were received for shipment on a specific vessel or any other vessel, and did not state that the same were received on board a particular vessel, and the appellee stipulated that if the appellee's expert witnesses were called, they would testify that by the word "shipment,"

as used in a c. i. f. contract, was customarily meant the delivery of goods to a carrier for transportation and its acknowledgment of the receipt thereof for transportation by a named vessel, or a following one of the same line. The bill of lading contained an acknowledgment of· the receipt from the appellee "to be transported by the good steamer Oanfa to sail from the port of New York, and bound for far Eastern ports, via Suez Canal, or otherwise, with liberty to substitute another steamer or steamers, 191 drums phenol, and to be delivered at the port of Kobe, unto order of W. R. Grace & Co." Nor do we think that in Thames & Mersey Ins. Co. v. United States, 237 U.·S. 19, 26, 35 S. Ct. 496, 499 (59 L. Ed. 821, Ann. Cas. 1915D, 1087) in saying that one of the incidents of a c. i. f. contract is "that the shipper fulfills his obligation when he has put the cargo on board and forwarded to the purchaser a bill of lading and policy of insurance with a credit note for the freight," the court intended to rule that one of the conditions of a c. i. f. contract was that the shipper must put the cargo on board or that it must be put on board. · The question whether or not the cargo· must be put on board a vessel was in no way involved in that case. The case here is not one such as those cited by the appellant, as the decision of this court in George Wills & Sons v. Larzelere, 288 F. 559, where it was held that a contract providing for shipment "to be effected" from Australia by steamer on the 10th of March required more than a mere delivery to a steamship at the wharf, or the Olivier Straw Goods Corporation v. Osaka Shosen Kaisha (C. C. A.) 27 F.(2d) 129, which was a suit against a carrier in a case where the contract required an "on board" bill of lading of goods, but the goods were not on board. It was held that the carrier was estopped to deny the truth of its assertion as against a purchaser of the bill of lading misled thereby.

 But irrespective of the question whether or not the appellee fulfilled its contract, we are unable to see in any view of the pleadings and the stipulated facts that the appellant has a cause of action to recover the money which the Naigai Company paid to the appellee. That company received, and, so far as the record shows, still retains, the possession of the goods for which the money was paid. Presumably the value of the goods was at all times equal to the price paid for them, for there is no evidence to the contrary. There is absence, therefore, of proof of damage or loss to the Naigai Company.

It is true that when in July, 1920, that company became aware of the fact that the goods were not on the Oanfa, it cabled to the appellee requesting it to cancel the contract. But the contract was not canceled, and the fact that the request was made effected no change in the contractual relations of the parties. The request was not a declaration of rescission, for such a declaration must clearly indicate rescission and must be accompanied by an offer of restoration to the status quo of the parties. Shappirio v. Goldberg, 192 U. S. 232, 24 S. Ct. 259, 48 L. Ed. 419; Blank v. Aronson (C. C. A.) 187 F. 241; Ripley v. Jackson Zinc & Lead Co. (C. C. A.) 221 F. 209.

The decree is affirmed.