**ELYEA et al. v. R C A VICTOR CO., Inc.\***
**No. 7694.**

Circuit Court of Appeals, Fifth Circuit.
Nov. 20, 1935.

Dan MacDougald, of Atlanta, Ga., for appellants.

E. Clem Powers, of Atlanta, Ga., for appellee.

Before SIBLEY and WALKER, Circuit Judges, and HOLMES, District Judge.

HOLMES, District Judge.

The petition of appellants alleged the wrongful termination by the appellee of a continuing contract for the sale of radios, victrolas, and other products of the latter, within a limited territory, and

Rehearing denied Jan. 7, 1936.

**760**

sought to recover the sums disbursed in the performance thereof, less the value of the benefits received thereunder. The court below dismissed the petition on a general demurrer, and the case is here on exceptions to that ruling. The trial court held that the petition, as finally amended, set forth "no cause of action for restitution upon rescission, as distinguished from an action for damages upon breach of contract." It ordered that the petition as amended be "dismissed, without prejudice to plaintiffs' rights, if any, upon an action for breach of contract."

It is urged that the language of the order, when legally interpreted, means that, although the appellants have a valid contract which has been breached by the appellee, they may not maintain an action thereon except for loss of profits. This argument interpolates into the order a provision as to the validity of the contract which we do not find there, and which, in our opinion, the court did not intend to be read into it. The petitioners did not ask for damages for breach of contract, did not allege loss of past or future profits, and did not seek to amend so as to supply in their petition the allegations necessary to maintain an action for damages for loss of profits. The order of dismissal means only that after amending their petition some seventeen times, and having failed to offer further amendments thereto, the court was of the opinion that no cause of action for restitution upon rescission had been stated by the plaintiffs, and that the suit should be dismissed, reserving, out of an abundance of caution, such rights, if any, as plaintiffs may have upon an action for breach of contract. As the trial court decided only the issues presented by the pleadings necessary to a disposition of the case, we shall likewise limit our decision.

Appellants allege that appellee breached the contract, and that they elected to rescind it. It is not doubted that, where one of the parties to a contract tenders a breach that is equivalent to an offer to rescind, the other party has an election of remedies. He may either stand on the contract, tendering performance, and sue for damages for the breach, or he may accept the offer to rescind and compel restitution of whatever benefit the other party has received under it; but he must act promptly, and must show that the defendant has received something as a consideration for the contract. A detriment to the plaintiffs may be a sufficient consideration for a contract in an action for damages for breach thereof; but it is not something which the defendant can be required to give back in an action for restitution upon rescission. If a person has received money or other property from another under a contract which the former has breached in a material respect operating as a discharge, the latter may, on rescinding the contract, recover the amount paid as money had and received, or may enforce restitution of the specific property or its value. The special contract having been rescinded, the obligation to repay the amount or restore the property received is imposed by law. Restitution proceeds upon the theory that neither party shall be enriched at the expense of the other. It contemplates that each shall restore the property or the value thereof to the party from whom he received it.

The facts set forth in the petition do not disclose either a prompt offer of restitution by the plaintiffs seeking to rescind (Shappirio v. Goldberg, 192 U. S. 232, 24 S. Ct. 259, 48 L. Ed. 419), or the receipt by the defendant of any money or other thing of value from the plaintiffs which it may be required to give back. The amounts paid for the Boone and other stocks of goods were not payments to the appellee by the appellants, although the latter received a part of the proceeds on indebtednesses due by the various dealers. In law and in fact those were payments by, and cancelled the indebtednesses of, the dealers whose stocks of goods were bought by the appellants.

The judgment appealed from is affirmed.