# Gish Banking Company v. Leachman's Administrator.

(Decided September 25, 1914.)

## Appeal from Muhlenberg Circuit Court.

1. Appeal—Bill of Exceptions—Tender of—Revivor.—When time is given the appellant in the circuit court until the next term to file

a bill of exceptions, and one of the appellees dies before the next term, the bill of exceptions should be tendered within the time allowed; but before it can be filed and made a part of the record, the action should be revived against the representative of the decedent, and the case may be continued for this purpose.

2. Appeal—Revivor.—If the proper steps were not taken at that term to revive the action they may be taken at the next term.

3. Appeal—Will Not Be Dismissed Because Bill of Exceptions Not Properly Filed.—An appeal will not be dismissed because the bill of exceptions was not properly filed, but stands as if there had been no attempt to file a bill of exceptions.

O'REAR & WILLIAMS and WALKER WILKINS for appellant.

MILLER, SANDIDGE & MALIN for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Overruling.

The judgment appealed from was rendered on January 31, 1914. Time was given until the next term to make up a bill of exceptions. Sam Leachman, one of the defendants, died intestate on March 15, 1914, and administration was granted on his estate on June 24, 1914. The bill of exceptions was filed in the circuit court after his death, and before the action had been revived against the administrator. A motion has been entered in this court by the appellant for an order of revivor, and the appellees have entered a motion to dismiss the appeal.

By the death of Sam Leachman the action abated as to him. (Burchett v. Clarke, 109 S. W., 888.) And as the case is now in this court, and the administrator is before the court, an order of revivor may be entered, but no service of the order is necessary. (Buchanan v. Boyd's Exor., 131 Ky., 433).

The fact that the bill of exceptions was filed after the death of Sam Leachman is no reason for the dismissal of the appeal; for although the bill of exceptions may not properly be a part of the record, the case being properly in this court, should be heard just as it would be if there had been no attempt to file a bill of exceptions. The motion to dismiss the appeal cannot, therefore, be sustained.

But that there may be no misunderstanding we deem it proper to add that the action having abated upon the death of Sam Leachman, nothing could be done in the action affecting his estate until it was revived against his representative. It was proper for the plaintiff to tender

his bill of exceptions within the time allowed by the court; but before the bill of exceptions could properly be filed and made a part of the record so as to affect the estate of Sam Leachman, it was necessary that there should be a revivor of the action in the circuit court although the case had to be continued for this purpose. If the proper steps have not been taken in the circuit court, they may yet be taken, if relief against the estate of Sam Leachman is sought on the appeal.

The motion for a revivor is sustained and the motion to dismiss the appeal is overruled.