## S. R. Schaff & Company v. City of LaGrange.

(Decided June 22, 1917.)

### Appeal from Oldham Circuit Court.

Municipal Corporations—Lighting Contract—Franchises.—A lighting contract with a municipality for a period of twenty years from a future date on which the lighting plant is put in operation, and made under an existing valid twenty-year lighting franchise, is valid and enforcible for so much of the contract period as is covered by the life of the franchise, and does not violate section 164 of the constitution providing that no city shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years.

R. T. CROWE for appellant.

JOHN J. DAVIS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Reversing.

By this action the appellant, S. R. Schaff & Company, incorporated, sued to recover a judgment against the city of LaGrange for $742.28 for electric lights furnished to the city between April, 1916, and December 1, 1916. The circuit court sustained a demurrer to the petition, and the plaintiff appealed.

The circuit court delivered no written opinion; but, from the briefs of counsel we are advised that it denied the relief sought, upon the ground that the appellant had no valid contract with the city of LaGrange.

LaGrange is a city of the fifth class. At the meeting of the city council held in August, 1911, C. C. Dodge proposed to construct an electric light plant in La-Grange. At a called meeting of the council held on September 1, 1911, an ordinance for the sale of a lighting franchise was introduced, considered, and laid over until the next regular meeting of the council, to be held on September 14th. At that meeting, the franchise was ordered to be sold on September 21st. It was sold as directed, and Dodge became the purchaser. At a called meeting held September 21st—the evening of the day of the sale—the mayor reported the sale to the council, and that body ratified and confirmed it.

On the same day (September 21st), the city and Dodge entered into a written contract by which Dodge was to furnish electric light to the city upon the terms therein set out, "for a period of twenty years from the date on which said lights and plant are put in operation." The contract provided that Dodge should have the plant constructed and the lamps ready for lighting the city on or before March 24, 1912. Dodge had the plant in operation by February 1, 1912.

At the regular monthly meeting held November 9th, an ordinance formally granting a franchise to Dodge was unanimously adopted by the city council. By its third section, it was provided that the rights and privileges therein granted should "continue from and after the acceptance of the bid and ratification of the sale by said council for a period of twenty years."

The contract provided for its assignment with the consent of the city. On May 23, 1913, with the consent of the city, Dodge assigned the contract to S. R. Schaff & Company, a partnership; and, S. R. Schaff & Company having become incorporated under the same name, the partnership assigned the benefit of the contract to the corporation on November 28, 1914. Consequently, this action was brought in the name of the corporation.

As the sale of the franchise to Dodge had been ratified by the general council on September 21, 1911, by its terms the franchise was to run twenty years from that date. The contract, however, by its terms, was to run

for a period of twenty years from the date on which the plant should be put in operation, February 1, 1912. In other words, while the franchise was to run from September 21, 1911, to September 21, 1931, the contract, although made on September 21, 1911, was to run from February 1, 1912, to February 1, 1932, thus ending more than twenty years after its execution.

Section 164 of the constitution reads, in part, as follows:

"No county, city, town, taxing district or other municipality shall be authorized or permitted to grant any franchise or privilege, or make any contract in reference thereto, for a term exceeding twenty years."

And, section 162 of that instrument, further provides:

"No county, city, town or other municipality shall ever be authorized or permitted to pay any claim created against it, under any agreement or contract made without express authority of law, and all such unauthorized agreements or contracts shall be null and void."

The circuit court was of opinion that the contract violated section 164 of the constitution, above quoted, in that it covered a period of about twenty years and four months from the date of its execution.

The circuit court rested its opinion upon the authority of City of Somerset v. Smith, 105 Ky. 678, and City of Princeton v. Princeton Electric Light Company, 166 Ky. 730.

But, neither of those cases decided the precise question presented by this case. In City of Somerset v. Smith, there was an existing lighting contract covering the period from 1890 to 1900, and the town council, in 1897, sold a lighting franchise extending from 1900 to 1920, and a contract was made accordingly, in 1897. The suit was brought to test the validity of the contract made in 1897, but to be in effect from 1900 to 1920.

In holding the contract void, because it violated section 164 of the constitution, the court said:

"It is contended that this contract is void, because in conflict with this constitutional provision. In this we concur. The franchise or privilege is said to be for only twenty years from its beginning, and that it begins when the present contract expires or is terminated. The present contract expires in 1900, and although it is

provided that this privilege or franchise may begin before that date, and then extended only twenty years, yet the contract made is for more than twenty years, as it did not begin on the day of the ratification of the contract, but it is expressly postponed to some future date. Whatever may be said about the franchise, this is certainly a contract in reference to a franchise, and the term contracted for exceeds the constitutional limit."

It will be observed, however, that the contract was made under a void franchise; and, in that respect, the case differs materially from the case in hand.

In City of Princeton v. Princeton El. L. & P. Co., supra, a franchise to run from 1917 to 1927, was granted in 1912—more than four years before the franchise could be enjoyed, although the entire period from 1912 to 1927 was less than twenty years. So, the franchise did not literally violate section 164 of the constitution. But the court held that the grant of the lighting franchise to begin four and a half years thereafter, was void as being against public policy.

The precise language of the opinion, is as follows:

"To grant franchises for the production of light and power not to be exercised until an unreasonable distance of time has expired, will oftentimes have the effect of denying to the people of municipalities the opportunity of enjoying the best, latest, and cheapest creations of genius, until the period of the franchise and its postponement has expired. The policy of our legislation has been to attempt to so regulate the granting of franchises that the benefits of their exercise may be shared by the public, and to prevent them being granted primarily, for the benefit of the grantees. The purchaser of a franchise should have a reasonable time, before the beginning of the term of his franchise, to prepare the necessary machinery and fixtures to enable him to exercise his franchise in a way beneficial to himself and the patrons of the operations of his franchise, but the time should not be so great as to make it apparent that the arrangement looks more to the benefits of the purchaser of the franchise than it does to those of the public. The grant of a franchise to furnish light and power, in a city of the fourth class, for the period of ten years, to be exercised, after a time which is four and one-half years after the granting of the franchise, is an unreasonable length of time between its granting and exercise,

and such a proceeding tends to be injurious to the public interests, and is, therefore, void."

But, in the case at bar, the appellant has a valid franchise extending from September 21, 1911, to September 21, 1931, and a contract running from February 1, 1912 to February 1, 1932—a period of four months and nine days beyond the term of the franchise, with power in the appellant to assign the contract at any time, with the consent of the town council. And, section 3637 of the Kentucky Statutes expressly gives appellee the power to contract for supplying the city with water and lights.

Under these circumstances does the fact that the contract was dated September 21, 1911—the day of the ratification of the sale of the franchise—render it wholly void?

It will be noticed that in City of Somerset v. Smith, *supra,* the court said the contract in that case was made for more than twenty years, "as it did not begin on the day of the ratification of the contract." Evidently, with a view of following that decision, section 3 of the franchise in the case at bar provides that the rights and privileges granted to Dodge should continue "from and after the acceptance of the bid and ratification of the sale by said council" for a period of twenty years. There can be no doubt of the validity of the franchise granted to Dodge by the city of LaGrange; the attack is upon the contract made under and pursuant to this valid franchise.

In City of Somerset v. Smith, *supra,* and the City of Princeton v. Princeton Electric Light Co., *supra,* and in Merchants Police & District Telegraph Co. v. Citizens Telephone Co., 123 Ky. 90, the contracts were made under invalid franchises. In neither of those cases was the contract made pursuant to a valid franchise, as was done in the case at bar.

It may be treated as an established doctrine, that a corporation may receive a grant of a franchise for a term of years extending beyond the life of the corporation; and, the fact that the corporation might continue to exist for only ten years would not impair its right to receive a franchise for twenty years. Detroit Citizens' Street Railway Co. v. City of Detroit, 64 Fed. 628, 12 C. C. A. 365, 26 L. R. A. 667, cited with approval in Keith v. Johnson, 109 Ky. 425; Detroit v. Detroit Citizens' Street R. Co., 184 U. S. 395; Louisville Trust Co. v. Cincinnati, 76

Fed. 299, 22 C. C. A. 377; Brown v. Schleier, 118 Fed. 984, 55 C. C. A 478.

This principle rests upon the basic idea that where the corporation has the power to accept the grant and exercise a franchise thereunder for any period of time, its power in that respect is not impaired because the franchise which it accepts is granted for a period extending beyond the life of the corporation.

The franchise in the case at bar being a property right, may, with the consent of the city, be sold at any time. It was so sold by Dodge to the appellant. If the contract in the case at bar had been made to run for a period of twenty years from September 21, 1911, unquestionably it would have been valid. Upon what principle then can the fact that it was made on September 21, 1911, to run twenty years from February 1, 1912, invalidate the whole contract? It can do so only upon the theory that the whole contract was unauthorized. But, in none of the cases above referred to has this court so held; it has only held that contracts of this character are unenforcible when made under an invalid franchise. The franchise, however, authorized the parties to make a contract for twenty years, or any portion of that period; and, there being an existing authority for the making of the contract, the attempt to carry it beyond twenty years should not invalidate so much thereof as the franchise authorized.

We see no good reason why a contract of this character made under a valid franchise, should not be enforced during the existence of that franchise. In our opinion, it is a valid and enforcible contract for and during the period of the life of the franchise; it is only invalid and unenforcible during the period which lies beyond the life of the franchise.

Under this view of the case, which we adopt as sound, the contract between the appellant and the appellee is enforcible until September 21, 1931; and, only so much thereof is invalid and unenforcible as pretends to bind the appellee from September 21, 1931, to February 1, 1932. This construction gives full effect to the prohibition contained in section 164 of the constitution.

Judgment reversed, with instructions to the circuit court to overrule the demurrer to the petition, and for further proceedings.