### J. L. METZ FURNITURE CO., Inc., v. THANE LUMBER CO.

(Circuit Court of Appeals, Eighth Circuit.   April 7, 1924.)

No. 6393.

1. **Principal and agent** ⬚103(7)—**Contracts made by agent held binding on principal.**

Orders for lumber given by plaintiff and accepted in writing by defendant's agent *held* to constitute binding contracts, where the agent had apparent authority, which had not been denied by defendant as to previous contracts so made with plaintiff, and was not as to these contracts until several months afterward.

2. **Contracts** ⬚253—**Rescission must be by mutual consent.**

In the absence of a legal ground for rescission, a contract cannot be rescinded, except by mutual consent.

3. **Principal and agent** ⬚161(4)—**Letter asking cancellation, not agreed to, held not to terminate contract.**

A letter from defendant to plaintiff, asking cancellation of contracts for business reasons stated, was not a repudiation of the contracts on the ground of want of authority of the agent who made them, so as to effect their termination.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action at law by the J. L. Metz Furniture Company, Inc., against the Thane Lumber Company. Judgment for defendant, and plaintiff brings error. Reversed.

Allen Hughes, of Memphis, Tenn. (FitzHugh & Dixon and Hughes & Hughes, all of Memphis, Tenn., on the brief), for plaintiff in error.

J. W. House, Jr., of Little Rock, Ark., for defendant in error.

Before LEWIS, Circuit Judge, and SYMES and PHILLIPS, District Judges.

SYMES, District Judge. The plaintiff in error, the J. L. Metz Furniture Company, plaintiff below, sued the Thane Lumber Company, defendant here and below, for a breach of four contracts for the sale of lumber. The only contracts necessary to discuss here are those of October 31 and November 1, 1919. The plaintiff alleged breach of both, in that the defendant refused to deliver the lumber, or any part of it, at the time specified, and claims damages. The answer admits that plaintiff gave the defendant orders for the lumber referred to, but alleges they were never accepted.

At the conclusion of the testimony the lower court charged the jury, as to these two contracts, that, irrespective of whether there was a breach or not, there was no evidence of any damages, and therefore as a matter of law there could be no recovery.

⬚For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] The defendant in its brief discusses only the question of damages. It may be that by reason of the position taken by the court it did not develop the defense that there were no contracts entered into as fully as it might have done otherwise. But we feel safe in saying that the contracts of October 31st and November 1st were duly entered into and became binding on both parties. Johnson was clearly acting within the apparent scope of his authority in signing what is called the "acknowledgment of order" given the plaintiff on the dates stated, which were the same forms used for the two other contracts that he made as sales manager for defendant with the plaintiff, under date of March 8 and 14, 1919, respectively. If his authority was limited, the plaintiff had no notice of it. Further, defendant never repudiated his authority until February 26, and left it to the same Johnson to write the letter of November 10, 1919, in which they asked plaintiff to withdraw the orders for other reasons.

It is next in order to consider the effect of the letter from defendant to plaintiff, dated November 10th. The court held this to be a repudiation of the contracts in question, and fixed that as the date for computation of damages, and that, if the plaintiff had placed orders elsewhere for the lumber at that time, as it was their duty to do, it would have suffered no loss.

[2, 3] It is fundamental that, in the absence of a legal ground for rescission, a contract cannot be rescinded or abrogated, except by mutual agreement, or meeting of the minds, similar to that required to establish the contract. To put it another way: An offer to terminate an existing contract is not effective until unequivocally accepted. Central Coal & Coke Co. v. Good & Co., 120 Fed. 793, 57 C. C. A. 161. This letter was written by Johnson as sales manager for defendant, and stated that his principal did not want to accept the business because they had had to make considerable claims on lumber shipped in the past, and it looked like it was going to be an uphill fight for him to handle plaintiff's orders through his company; that he believed it would be best for plaintiff to write him promptly that it had canceled these particular orders, and all outstanding orders, except those accepted before, which had not been fully completed.

It does not contain a denial of Johnson's authority, or anything in the nature of a positive or unequivocal repudiation. It was simply a request for a cancellation. The plaintiff in its reply of November 29, after calling attention to the fact that the price of lumber had advanced, stated that they would expect the defendant to fulfill the contracts, unless they could buy the lumber elsewhere to as good advantage, or they would place the orders with some one else, and charge the defendant with the difference, if desired. The plaintiff's conduct thereafter shows it expected performance. The two contracts, therefore, were in existence up to this date, except that the one of October 31st was breached in part by defendant's failure to make the monthly deliveries. It is therefore unnecessary to discuss the alleged anticipatory breach, and the rights and duties of the parties flowing therefrom.

The judgment of the lower court is reversed, and the case remanded for further proceedings in conformity with this opinion.