### CLINE–CLARK CO. et al. v. STATE TRUST & SAVINGS BANK OF DALLAS.
### No. 11598.

Court of Civil Appeals of Texas. Dallas.
March 23, 1935.

Earl A. Forsythe, of Dallas, for appellants.

W. J. Rutledge, Jr., of Dallas, for appellee.

LOONEY, Justice.

State Trust & Savings Bank of Dallas, appellee, sued the Cline-Clark Company, a copartnership, J. R. Jones and Walter F. Clark, its members: also Herbert Stellmacher. The suit is based on three promissory notes payable to appellee, aggregating the sum of $1,-350, alleged to have been executed by said partnership, and as against Stellmacher the suit is based on his indorsement of one of these notes for $1,000. Appellants answered by general denial and a special plea of counterclaim, alleging that, at the time (about April 4, 1931) the Cline-Clark Company opened an account with appellee, an agreement was entered into that all checks drawn against the account of the partnership "must be signed by H. T. Martin (bookkeeper of the partnership) and counter-signed either by J. R. Jones or R. M. Allen; that during the months of July, August and September, 1931, in violation of said agreement, appellee paid J. R. Jones from partnership funds $1,230 on checks drawn by him alone, but not for the use or benefit of said partnership; wherefore, they prayed that the amount thus paid be offset against the indebtedness evidenced by the notes sued upon."

In a supplemental petition, appellee alleged that, at the end of each month, a statement was rendered the Clark-Cline Company, showing all deposits made to its credit, and

all checks drawn against the account, delivering same to the company with returned checks; that, no objection having been made thereto, appellee was, by reason of such silence, prevented from taking steps to protect itself, hence appellants are estopped to insist upon the counterclaim as an offset to the amount due on the notes. Appellee further alleged that, during the months of July, August, and September, 1931, J. R. Jones made deposits to the credit of the Cline-Clark Company sufficient in amount to offset the aggregate of the amount paid on the unauthorized checks; hence the partnership was not injured or its account in any sense depleted.

In reply, appellants alleged that appellee failed to notify them that unauthorized checks were being drawn by Jones against the partnership account, and that, by delivering the statements and canceled checks to Jones, appellee rendered it impossible for appellants to ascertain the facts, until about one year after the unauthorized transactions.

At the conclusion of the evidence, the court directed a verdict in favor of appellee for the full amount due on the notes, with interest, etc., and submitted the cause to the jury in other respects on special issues, rendering judgment for appellee against Walter F. Clark and J. R. Jones, partners, the Cline-Clark Company and Herbert Stellmacher, respectively, for debt as sued, and denied recovery on the counterclaim, from which the company, Clark, and Stellmacher appealed.

We think it obvious that the court denied appellants' counterclaim on the finding of the jury to special issue No. 1 as follows: "Do you and find and believe from a preponderance of the evidence that the plaintiff, State Trust & Savings Bank of Dallas, was guilty of negligence, as that term has been defined to you herein, in paying to the defendant, J. R. Jones, the various checks in question, drawn on the State Trust & Savings Bank?" to which the jury answered "No."

■ Although it is undisputed that appellee paid to Jones partnership funds, on checks drawn by him, in violation of explicit written instructions, in the amount heretofore mentioned, its liability for the violation of the contract was made to depend on whether it was guilty of negligence in paying these various checks. This, in our opinion, was material error, requiring reversal. The bank's relation to appellants was contractual, the cause of action asserted as a counterclaim is ex contractu in nature, and not ex delicto; hence the court erred in submitting the issue of negligence and in rendering judgment for appellee on the jury finding, acquitting it of negligence in the premises. See Galveston, H. & S. A. Ry. Co. v. Hennegan, 33 Tex. Civ. App. 314, 76 S. W. 452; Pecos, etc., Ry. Co. v. Amarillo St. Ry. Co. (Tex. Civ. App.) 171 S. W. 1103, 1107; Wells, Stillwell & Spears v. Mason (Tex. Civ. App.) 258 S. W. 914; Galveston, H. & S. A. Ry. Co. v. Landeros (Tex. Civ. App.) 264 S. W. 524; Hewitt v. Buchanan (Tex. Civ. App.) 4 S.W.(2d) 169, 175.

■■ As between themselves, the partners were authorized to restrict their power and authority as agents of the partnership, and the bank, having knowledge of such restriction, was bound to observe same, and became liable for payment of partnership funds on checks drawn by Jones against the account, in violation of the agreed stipulation. The restriction, in the respect mentioned, limited the implied general agency of Jones to act for the partnership. See 20 R. C. L. (subject, partnership) p. 887, § 98, and authorities cited; Tinnin v. Williams (Tex. Civ. App.) 8 S.W.(2d) 757.

■ The further contention is made that, in view of the fact that Clark-Cline Company, with knowledge that the bank cashed checks drawn by Jones, failed within a reasonable time to make objection thereto, estoppel applies, therefore the judgment should be affirmed. We do not think so. What notice was required? Could appellants have brought to the attention of appellee any fact not already known? The written restriction on the authority of Jones to check on the account of the partnership was in the possession of appellee; hence the moment a check drawn by Jones was presented for payment appellee must have known that such check was unauthorized. So why require notice of a fact already within the knowledge of appellee? Having violated explicit instructions, appellee cannot complain of the failure of appellants to give notice of such violation, nor were appellants estopped by silence, because, under the circumstances, no duty rested upon them to speak. 10 R. C. L. 692, 693, § 21 (subject, estoppel).

■ Under the issues as framed by pleadings, if appellee would defeat the counterclaim, it must establish by a preponderance of evidence either that the money paid Jones on the several unauthorized checks was for the use and benefit of the partnership or that deposits to the credit of the partnership, subsequently made by Jones, was his money, deposited as restitution for money previously paid him on the unauthorized checks. Gish Banking Co. v. Sam Leachman's Adm'r, 159

Ky. 769, 169 S. W. 481; National Surety Co. v. Astascosa, etc., Co. (Tex. Civ. App.) 222 S. W. 597, 605; Pierce, etc., Corp. v. Guaranty, etc., Bank (Tex. Civ. App.) 22 S.W.(2d) 520; Gladstone, etc., Bank v. Keating, 94 Mich. 429, 53 N. W. 1110.

For reasons stated above, we are of opinion that the court erred in rendering the judgment appealed from; hence same is reversed and the cause remanded for further proceedings.

Reversed and remanded.