**BRITE et al. v. W. J. HOWEY CO. et al.**

**No. 7893.**

Circuit Court of Appeals, Fifth Circuit.

Feb. 19, 1936.

C. D. Rinehart, of Jacksonville, Fla., and H. C. Collins, of Leesburg, Fla., for appellants.

George C. Bedell, of Jacksonville, Fla., and C. E. Duncan and John S. Lavin, both of Tavares, Fla., for appellees.

Before SIBLEY, HUTCHESON, and WALKER, Circuit Judges.

SIBLEY, Circuit Judge.

The amended bill of appellants against appellees to rescind for fraud a sale of land and to recover the purchase price and other outlays was dismissed on a motion which contended, among other things, that information concerning the facts as to which deceit was claimed was at all times available to appellants, and that, after actual knowledge, there was not prompt disaffirmance, but a delay sufficient to defeat rescission. Other grounds are disregarded on this appeal.

The sale occurred February 24, 1928. As a part of it, there were contracts whereby the land purchased would be planted in citrus fruit trees by an agency of the seller and cultivated for the purchasers until eight crops were raised, and whereby eleven crops of the fruit would be taken at a fixed price which was above the usual market. The deceit claimed is that it was represented "that the grapefruit grown upon said land would cure diabetes and possess other medicinal qualities and properties not common to grapefruit grown upon other lands in Florida; that the lands capable of producing such grapefruit were very limited in extent, being in fact confined to a small area near the town of Howey-in-the-Hills; that the land located in said area had a peculiar subsoil which would produce grapefruit having medicinal qualities, among said qualities being the ability to cure diabetes not contained in grapefruit produced on other lands located outside said area though nearby." These representations, it is alleged, "were false and were known or should have been known to the said defendants, their officers and agents, to be false." This is a doubtful allegation of willful fraud, but we assume it to mean that the representations, if not known to be false, were recklessly made. Appellants, being ignorant about grapefruit and soils, did not suspect the fraud until, on December 30, 1931, a false claim was made that they had broken their contract touching the cultivation of the lands and a notice was given that the fruit would not be taken and paid for as agreed. Thereupon appellants made investigation as to the medicinal qualities of the grapefruit, and an officer of the selling corporation admitted that a chemist had advised that there were no medicinal properties, and others advised appellants to the same effect and that the prices paid for the land and for its cultivation were excessive. It is alleged that in October, 1932,

through an attorney at law, appellants "offered to the said defendants to reconvey the said land by a good and sufficient deed * * * if the defendants would return the sum of $11,000 paid as the purchase price of said land, but the said defendants refused to accept the said offer and said they would not repurchase the grove at any price." There is no allegation of a notice of a rescission for fraud or of any other communication except as above quoted. The bill was filed April 13, 1933, and prays for a decree of rescission and a recovery of everything paid for the land and for its cultivation.

Irrespective of any question of an earlier failure in diligence, the bill confesses that suspicion of the fraud was aroused in December, 1931, and knowledge of the truth reached soon afterwards. The exact date of full knowledge is not alleged, but, when ground for suspicion exists, neglect to learn what might be known is counted as knowledge. Foster v. Mansfield, C. & L. M. R. Co., 146 U.S. 88, 99, 13 S.Ct. 28, 36 L.Ed. 899; Johnston v. Standard Mining Co., 148 U.S. 360, 13 S.Ct. 585, 37 L.Ed. 480; Broderick's Will, 21 Wall. 503, 504, 22 L.Ed. 599; Felix v. Patrick, 145 U.S. 317, 12 S.Ct. 862, 36 L.Ed. 719. When fraud in the making of a contract is discovered, the party defrauded has an election to rescind the contract or to stand upon it and sue for the damages caused by the deceit. He must, in order to rescind, promptly so elect and notify the opposite party and adhere to the position taken. Grymes v. Sanders, 93 U.S. 55, 23 L.Ed. 798; McLean v. Clapp, 141 U.S. 429, 12 S.Ct. 29, 35 L.Ed. 804; Hoyt v. Latham, 143 U.S. 553, 12 S.Ct. 568, 36 L.Ed. 259; Shappirio v. Goldberg, 192 U.S. 232, 24 S.Ct. 259, 48 L.Ed. 419; 6 R.C.L. "Contracts," §§ 315, 317; Holmes v. Cummings (C.C.A.) 71 F.(2d) 364. If there be failure promptly to rescind, the contract stands affirmed, and only the remedy of damages remains. What action is prompt depends on circumstances. Less time can be taken to consider the rescission of a sale when market values are changing. The defrauded party cannot wait to see how the values will work out. In this case we judicially know that, due to the country-wide depression in progress in 1931 and 1932, land values were falling rapidly. Appellants should not have delayed to decide whether they would keep the land or not. From December, 1931, to October, 1932, was too long to wait. We doubt whether what was done at the latter date amounts to a notice of rescission. There was no mention of fraud or claim of right in it. It is described as an offer to resell, which was declined; and an offer to sell is an assertion of ownership. The bill which first unequivocally demanded a rescission was not filed until another six months had passed. It is not a question of laches, but of election. We think the right of rescission was lost, and only a possible remedy by damages at law is left.

Without prejudice to any remedy at law, the judgment is affirmed.