## CITY OF DEL RIO v. ULEN CONTRACTING CORPORATION.

### No. 8300.

Circuit Court of Appeals, Fifth Circuit.

Feb. 8, 1938.

Will A. Morriss and Will A. Morriss, Jr., both of San Antonio, Tex., and Grady Lowrey, of Del Rio, Tex., for appellant.

J. C. Hall and A. V. Knight, both of San Antonio, Tex., for appellee.

Before FOSTER and HUTCHESON, Circuit Judges, and STRUM, District Judge.

STRUM, District Judge.

Appellant city contracted with Ulen Contracting Corporation for the latter to install extensions to the city's waterworks system. Ignoring the contract, the city performed the work itself, although the company was ready, willing, and able to perform. For the prospective profits thus lost to it, the company recovered judgment below, from which this appeal is taken.

Appellant first complains of the District Court's action in striking from appellant's answer, without leave to amend, paragraph 2, which alleges in effect that the contract sued on is unenforceable because the company fraudulently misrepresented to the city that it (the company) was a Texas corporation, domiciled in Bexar county, Texas, whereas it was in fact a Delaware corporation, but for which alleged misrepresentations the city would not have entered into the contract. Appellant concedes that ordinarily pecuniary injury to the complaining party is an indispensable prerequisite to an action for fraud. Appellant asserts, however, that a recognized exception exists where, as here, fraud is relied upon as a defense to the enforcement of an executory contract. Case Threshing Mach. Co. v. Webb, Tex.Civ.App., 181 S.W. 853; 20 Tex.Jur. 70 (40); 12 R.C.L. 396 (145); 26 C.J. 1228 (144).

■ The answer itself demonstrates the insufficiency of paragraph 2. The contract was awarded to appellee as low bidder pursuant to advertised notice to bidders prepared by the city. This notice, a copy of which is attached to appellant's answer, places no limitation upon the domicile of bidders, nor do the specifications for the work prepared by the city. A financial statement of the company submitted in connection with its bid, also attached to the answer, reads in part, "Submitted by Ulen Contracting Corporation, with principal office at 38 South Dearborn Street, Chicago, Illinois, date incorporated 1919; under the laws of Delaware State." The performance bond executed concurrently with the contract recited the principal obligor to be "Ulen Contracting Corporation, a corporation of the State of Delaware, of the City of San Antonio, County of Bexar and State of Texas." These facts, appearing as a part of appellant's answer, conclusively negative the stricken allegations of paragraph 2 of the answer. One cannot close his eyes to the obvious and then claim to be deceived. Though the formal contract also designates appellee as "Ulen Contracting Corporation, of the City of San Antonio, County of Bexar and State of Texas," this recitation is equivocal, but the first-quoted recitals as to appellee's domicile are plain, leaving no room for misunderstanding.

■ Moreover, when fraud in the making of a contract is discovered, the defrauded party must choose within a reasonable time whether he will affirm or rescind. In order to rescind, he must promptly so elect, unequivocally notify the opposite party, and consistently adhere to that position. Otherwise he becomes conclusively bound by the contract. Brite v. Howey Co., 5 Cir., 81 F.2d 840; Massachusetts Bonding & Ins. Co. v. Anderegg, 9 Cir., 83 F.2d 622; Josten Mfg. Co. v. Medical Arts Building Co., 8 Cir., 73 F.2d 259; Laminack v. Black, Tex. Civ.App., 3 S.W.2d 824; 37 Tex.Jur. 530. The answer is wholly devoid of appropriate allegations to meet this rule.

■ Paragraph 3 of the answer, also stricken, avers in effect that appellee is estopped to claim damages for nonperformance, because the project was to be financed by the proceeds of the sale of the city's bonds to the United States Public Works Administration and by the outright donation by the latter of a large additional sum of money; that payments to appellee under its contract were conditioned upon receipt by the city of the PWA money; that PWA delayed furnishing said monies for an unreasonably long time; that appellee's representative stated to the city's representative that because of the lapse of time there would be no profit in the contract, and that he "wished" the PWA Administrator would either furnish said funds or abandon the contract with the city so to do, and that appellee would be glad to be relieved of the

contract. Thereafter, an urgent need having arisen for immediate improvement of its water supply, the city abandoned its effort to secure PWA funds and itself installed the extensions, at a cost exceeding the contract price, with funds otherwise secured, appellee making no objection to the undertaking of the work by the city but remaining silent.

Rescission by abandonment requires mutual assent of the parties. Such assent can of course be found in the circumstances. Monte Vista Farmers' Co-op. Produce Co. v. Bemis Bro. Bag Co., 8 Cir., 294 F. 8. The question is whether the contract, by reason of subsequent acts of the parties, hás ceased to have a legal existence. Mood v. Methodist Episcopal Church South, Tex.Civ. App., 289 S.W. 461; 15 C.J. 601; 55 C.J. 257. An offer to rescind, not accepted by the other party, does not constitute an abandonment by the party making the offer, nor does it constitute a waiver of his right to enforce the contract. Where conduct is relied upon, the acts of the parties must be positive, unequivocal and inconsistent with an intent to be further bound by the contract. Hoggson Bros. v. First National Bank, 8 Cir., 231 F. 869, certiorari denied 241 U.S. 679, 36 S.Ct. 727, 60 L.Ed. 1233; Metz Furniture Co. v. Thane Lumber Co., 8 Cir., 298 F. 91; Wheaton v. Collins, N.J. Ch., 84 A. 271; 6 R.C.L. 930.

Tested by these rules, it is apparent that paragraph 3 of the answer shows no rescission by abandonment. It speaks of a "wish" on the part of appellee respecting performance of the PWA contract and of appellee's indifference to performance of its own contract, but even treating this as an offer to rescind, there is nothing indicating the city's acceptance nor its release of appellee from performance. In order to terminate the contract by abandonment, such abandonment must be mutual, relieving both parties from their obligations. 2 Black Rescis. and Cancellation, § 532. The answer is silent as to any release of appellee by the city.

If estoppel in pais is the basis of paragraph 3, there is lacking the element of willful misrepresentation or fraudulent conduct by appellee, acted upon by the city in good faith to its prejudice. Such conduct cannot be gleaned from the generalities in paragraph 3 of the answer. It does not appear that the city was misled to its prejudice. Without this element there can be no estop-

pel in pais. Oklahoma v. Texas, 268 U.S. 252, 45 S.Ct. 497, 69 L.Ed. 937; Central Imp. Co. v. Cambria Steel Co., 8 Cir., 210 F. 696, 718; Bynum v. Preston, 69 Tex. 287, 6 S.W. 428, 5 Am.St.Rep. 49; 21 C.J. 1119 et seq.

The answer alleges that the city installed the extension at a cost greater than the contract price, but it did so with full knowledge, or means of knowledge, of all the facts, as to which the parties stood on an equal footing. No facts are alleged sufficient to support the conclusion that the city was prejudicially misled by appellee. The proffered trial amendment of the answer merely identifying the agent of the appellee who made the alleged declarations of dissatisfaction due to the delay, was not sufficient, standing alone, to overcome the deficiencies pointed out.

Appellee is not estopped by its mere silence when the city commenced the work in violation of the contract. No duty devolved upon appellee to speak. Its contract with the city was still subsisting. It was entitled to rely upon it. When there is no duty to speak, estoppel will not arise from mere silence. Cline-Clark Co. v. State Trust & Sav. Bank, Tex.Civ.App., 81 S. W.2d 541; Rowland v. Cook, 179 Wash. 624, 38 P.2d 224, 101 A.L.R. 180; Holland v. Blanchard, Tex.Civ.App., 262 S.W. 97.

Appellant next contends that the contract is unenforceable because dependent upon and in furtherance of the city's contract with PWA, and that the latter contract is void because the loan and donation granted by PWA are beyond the constitutional powers of the United States. Even if it is appropriate to consider this collateral question here, there is no showing of injury to the city, direct or threatened, which will entitle it' to raise the question. Alabama Power Co. v. Ickes et al., 58 S.Ct. 300, 82 L.Ed. ——; Duke Power Co. v. Greenwood County, 58 S.Ct. 306, 82 L.Ed. ——, decided January 3, 1938. Cf. Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319.

Appellant urges that the city's contract with PWA is ultra vires and void as an unlawful delegation of the city's governmental functions because it provides that all contracts and subcontracts for construction of the extensions shall be subject to the rules and regulations of the United States and thus surrenders to PWA supervision and control over the materials to be used,

the selection, supervision, and character of labor, the hours and wages of labor, and other discretionary and nondelegable essentials of construction properly belonging to the city. In Arkansas-Missouri Power Co. v. City of Kennett, 8 Cir., 78 F.2d 911, an action brought directly to restrain performance of a city's contract with PWA similar to the contract here involved, such contract was held to be ultra vires and void.

Appellant here asserts that the objectionable delegatory provisions of the PWA contract are brought forward into the construction contract here sued on, thus inextricably intertwining the two contracts and rendering the construction contract unenforceable because its purpose is to carry into effect the city's ultra vires contract with PWA. But that is a non sequitur. The basis of this action is, not the city's loan and grant contract with PWA, but the city's contract with appellee for the construction of the extensions. Even if the city lacked authority to delegate the stated supervisory powers to the United States, that ultra vires action between the city and PWA would not ipso facto vitiate the city's construction contract with appellee, and automatically relieve the city from its obligation with appellee. Where the invalid portion of a contract can be severed from the remainder without impairing the valid part, the latter will be sustained and the contract pro tanto enforced. It was within the city's powers to contract for the extension of its waterworks, which it did. Even if its action in surrendering supervisory powers to PWA was ultra vires, which we do not decide, these provisions may be severed from the city's contract with appellee, and still the essentials of a valid and workable construction contract remain. Sayles v. Abilene, Tex.Civ.App., 290 S.W. 239; Valparaiso v. Valparaiso City Water Co., 30 Ind.App. 316, 65 N.E. 1063; Gist v. Rackliffe-Gibson Const. Co., 224 Mo. 369, 123 S.W. 921; Lackey v. Fayetteville Water Co., 80 Ark. 108, 96 S.W. 622; Schaff & Co. v. La Grange, 176 Ky. 548, 195 S.W. 1097; 44 C.J. 121; McQuillen Munic. Corp. § 1250. Cf. Hitchcock v. Galveston, 96 U. S. 341, 24 L.Ed. 659. If, as in Arkansas-Missouri Power Co. v. City of Kennett, supra, this were an action to directly test the validity of the city's contract with PWA, a different question would be presented.

Even if the city's contract with PWA was void because ultra vires, no element of moral turpitude is involved, nor was the delegation malum in se nor malum prohibitum. It would be merely unauthorized. Cases such as Brown v. Tarkington, 3 Wall. 377, 70 U.S. 377, 18 L.Ed. 255, and Horbach v. Coyle, 8 Cir., 2 F.2d 702, relied upon by appellant, are therefore inapposite. Cf. Hitchcock v. Galveston, 96 U.S. 341, 24 L. Ed. 659; 3 McQuillen Munic. Corps. § 1172.

Appellant points out that its contract with appellee recites that funds to finance the work were to be procured from PWA; that these funds have never been received; and that the contract provides that the city will make payments to the contractor "only as the money is made available" by PWA. It appears, however, that the city voluntarily abandoned its financing contract with PWA because it was dissatisfied with the delay, and immediately proceeded with the construction project through a purported contract with another contractor, paying for the work with funds secured from another source. The city cannot thus escape liability to appellee. City of Houston v. Potter, 41 Tex.Civ.App. 381, 91 S.W. 389; Superior Incinerator Co. v. Tompkins, Tex.Com. App., 59 S.W.2d 102, 103; Fooshee v. Victoria, Tex.Civ.App., 54 S.W.2d 220.

Other assignments have been examined, but no reversible error found.

Affirmed.